though the contract limited the remedy to those who had a direct contract with the subcontractor, the statute requiring the bond had no such limitation. Plaintiff undoubtedly furnished materials and labor to the subcontractor and thus is covered by the bond "by force of the statute" (*Triple Cities Constr. Co. v Dan-Bar Contr. Co., supra,* at 305). In any event, the record establishes that Shared Management, despite a name change, was the entity with which plaintiff contracted and is the same entity as Division 4, the subcontractor, and thus plaintiff is therefore covered by the terms of the bond irrespective of the statute. (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Dismiss Pleadings.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.

■ JAMES M. GEORGE, Respondent, v ISABEL HUNT, Appellant. (Appeal No. 1.) [734 NYS2d 523] —Order unanimously reversed on the law without costs, motion granted in part, common-law negligence and Labor Law § 200 claims dismissed, cross motion denied, summary judgment granted to defendant and complaint dismissed. Memorandum: Supreme Court erred in denying that part of defendant's motion seeking summary judgment dismissing the common-law negligence and Labor Law § 200 claims. Defendant established that she had no supervisory control over the construction work that resulted in plaintiff's injury (*see, Lombardi v Stout,* 80 NY2d 290, 295), and plaintiff failed to raise an issue of fact.

With respect to the claims alleging violations of Labor Law § 240 (1) and § 241 (6), we conclude that defendant failed to meet her initial burden of establishing her entitlement to the benefit of the homeowner exemption provided in those sections. However, we nevertheless dismiss those claims because the submissions made in connection with that portion of plaintiff's cross motion for summary judgment conclusively establish that the construction of the riding arena and stable near defendant's residence was "undertaken solely in connection with defendant's residential use of the property" (*Cannon v Putnam,* 76 NY2d 644, 650). We therefore reverse the order, grant in part defendant's motion seeking summary judgment, dismiss the common-law negligence and Labor Law § 200 claims, deny plaintiff's cross motion, grant summary judgment to defendant pursuant to CPLR 3212 (b) and dismiss the Labor Law § 240 (1) and § 241 (6) claims, thereby dismissing the complaint in its entirety. (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Summary Judgment.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.

■ JAMES M. GEORGE, Respondent, v ISABEL HUNT, Appellant. (Appeal No. 2.) [734 NYS2d 523] —Appeal unanimously dismissed

without costs (*see, Empire Ins. Co. v Food City*, 167 AD2d 983, 984). (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Reargument.) Present—Pine, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. WELCH, Appellant. [734 NYS2d 768] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]) arising from his possession of a quantity of cocaine that police found in his pocket following his arrest for disorderly conduct. County Court properly denied defendant's motion to suppress the cocaine. Contrary to the contention of defendant, the police properly approached defendant, who was using a public telephone on a street corner, to question him. A police officer testified that, a few minutes earlier that evening, he had observed defendant and another man conducting a hand-to-hand transaction in an alleyway in an area known for drug trafficking. When the officers approached the alleyway, defendant fled on a bicycle. Defendant's actions provided the officers with a founded suspicion that criminal activity was afoot, and thus the officers at a minimum were entitled to make inquiry of defendant (*see, People v Turner*, 275 AD2d 924, *lv denied* 95 NY2d 939; *see generally, People v Hollman*, 79 NY2d 181, 185). The officer further testified that, when he sought to question defendant about his identity and presence in the alleyway, defendant became very loud and abusive and began using obscene language as a crowd began to form. He then placed defendant under arrest for disorderly conduct (Penal Law § 240.20 [2], [3]). Although several witnesses testified on behalf of defendant that he had not used obscenities or become loud and abusive, that testimony merely raised an issue of credibility that the court resolved in favor of the police. The court's findings of credibility are entitled to great weight and should not be disturbed where, as here, they are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761; *People v Love*, 273 AD2d 842). Contrary to the contention of defendant, the police had probable cause to arrest him for disorderly conduct (*see, People v McDermott*, 279 AD2d 361, *lv denied* 96 NY2d 803). The search of defendant was thus authorized as a search incident to a lawful arrest (*see, United States v Robinson*, 414 US 218, 235; *People v Weintraub*, 35 NY2d 351, 353-354; *People v Barclay*, 201 AD2d 952).

We have examined the contentions of defendant in his *pro se* supplemental brief and conclude that they lack merit (*see, People v Willis*, 261 AD2d 946, *lv denied* 93 NY2d 1029). (Ap-