■ CHRIS LISTA, Respondent, v MARY NEWTON et al., Appellants. [838 NYS2d 299]—

Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered August 9, 2006 in a Labor Law and common-law negligence action. The order denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained when he fell from a ladder while installing horse stalls in a barn-like building (hereafter, barn). The barn was owned by defendant Mary Newton, who used it to store her property and to shelter horses owned by her daughter, defendant Gerri Schultz. According to plaintiff, he climbed the ladder just prior to the accident and heard the sound of a horse trotting and then heard a clanging sound. He did not remember falling, nor did he know what caused him to fall. He next recalled that he was lying on the ground and that a horse was licking his face. Although plaintiff observed that sections of the moveable fence in the barn had fallen, there is no indication in the record concerning how and why they fell, and there is no other evidence concerning the cause of the accident. We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint.

With respect to the cause of action pursuant to Labor Law § 240 (1), which is asserted only against Newton, we conclude that the exemption from liability for "owners of one and two-family dwellings who contract for but do not direct or control the work" applies to Newton, and thus that she is entitled to summary judgment dismissing that cause of action. "[W]hen an owner of a one- or two-family dwelling contracts for work that directly relates to the residential use of the home, even if the work also serves a commercial purpose, that owner is shielded by the homeowner exemption from the absolute liability" of Labor Law § 240 (1) (*Bartoo v Buell*, 87 NY2d 362, 368 [1996]). Furthermore, "[t]he fact that the work was performed on the barn and not on [a] residential home . . . does not alter the analysis; the barn, located on [Newton]'s property and used in part for personal storage purposes, is akin to a garage and should be considered an extension of the dwelling within the

scope of the homeowner exemption" (*id.* at 369; *see George v Hunt* [appeal No. 1], 289 AD2d 935 [2001]).

With respect to the common-law negligence cause of action, which is asserted against both defendants, we note that the only theory of negligence with respect to the cause of plaintiff's fall is that the horse knocked down sections of the fence in the barn, causing the ladder to fall. "[T]he Court of Appeals recently clarified[, however,] that cases involving injuries inflicted by domestic animals may only proceed under strict liability based on the owner's knowledge of the animal's vicious propensities, not on theories of common-law negligence" (*Morse v Colombo*, 31 AD3d 916, 917 [2006]; *see generally Bard v Jahnke*, 6 NY3d 592, 596-599 [2006]; *Collier v Zambito*, 1 NY3d 444, 446-447 [2004]). Consequently, the negligence cause of action must be dismissed insofar as it is based upon the actions of the horse. Insofar as plaintiff alleges that defendants were negligent in installing or maintaining the fence, the evidence submitted by defendants in support of the motion established that the fence was properly installed, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

To the extent that the first cause of action may be construed as sounding in strict liability, defendants also are entitled to summary judgment dismissing it. Defendants established their entitlement to judgment as a matter of law (*see generally id.*), and plaintiff failed to raise an issue of fact with respect to the existence of a vicious propensity on the part of the horse or defendants' knowledge of such a propensity (*see Rose v Heaton*, 39 AD3d 937 [2007]; *Longstreet v Peltz*, 33 AD3d 673 [2006]; *Althoff v Lefebvre*, 240 AD2d 604 [1997]). Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.