■ MONICA TESMER, as Parent and Natural Guardian of NORMA TESMER, an Infant, Respondent, v DAVID COLONNA, Appellant, et al., Defendant. [909 NYS2d 604]—

Appeal from an order of the Supreme Court, Orleans County (Tracey A. Bannister, J.), entered September 16, 2009 in a personal injury action. The order denied the motion of defendant David Colonna for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, summary judgment is granted in favor of defendant Terry A. Weese and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her daughter when she was bitten by a dog owned by defendant Terry A. Weese. The incident occurred while plaintiff's daughter was inside the residence of Weese, which she leased from defendant David Colonna. The complaint, as amplified by the bill of particulars, alleges that defendants are liable for common-law negligence and for violations of Agriculture and Markets Law § 119 and the local leash law. We conclude that Supreme Court erred in denying the motion of Colonna for summary judgment dismissing the complaint against him. It is well established that, in an action for damages resulting from a dog bite, a plaintiff may recover only on a theory of strict liability and not for common-law negligence (*see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bard v Jahnke*, 6 NY3d 592, 599 [2006]; *Collier v Zambito*, 1 NY3d 444, 446-448 [2004]). Further, a "defendant's violation of [Agriculture and Markets Law § 119 and] the local leash law is 'irrelevant because such a violation is only some evidence of negligence, and negligence is no longer a basis for imposing liability' " for injuries sustained as the result of a dog bite (*Petrone*, 12 NY3d at 550). We therefore reverse the order, grant the motion and

dismiss the complaint against Colonna. Also, pursuant to CPLR 3212 (b), we search the record and grant summary judgment in favor of Weese dismissing the complaint against her, despite her failure to seek that relief. Present—Martoche, J.P., Centra, Carni, Lindley and Green, JJ.