■ CARMEN VICHOT, Respondent, v JOHN F. DAY, Appellant. [913 NYS2d 838]—

Rose, J. Appeal from an order of the Supreme Court (Muller, J.), entered November 23, 2009 in Clinton County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was driving on a public highway when her vehicle collided with a horse owned by defendant. Seeking to recover damages for the injuries she sustained, plaintiff commenced this negligence action. After joinder of issue and discovery, defendant moved for summary judgment on the ground that he could not be held liable for ordinary negligence and he had no notice of the horse's propensity to escape from its stall and roam free. Supreme Court denied the motion and defendant appeals.

We reverse. "[A] cause of action for ordinary negligence does not lie against the owner of a domestic animal which causes injury" (*Alia v Fiorina*, 39 AD3d 1068, 1069 [2007]). Plaintiff's ability to recover is now limited to strict liability, which requires evidence that the owner knew or should have known of the animal's vicious propensities (*see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bard v Jahnke*, 6 NY3d 592, 601 [2006]). As plaintiff's complaint sounds only in ordinary negligence, and there is no evidence in the record that the horse in question had a propensity to escape the confines of defendant's barn or pasture and roam free, the motion for summary judgment should have been granted (*see Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Rose v Heaton*, 39 AD3d 937, 938 [2007]; *Alia v Fiorina*, 39 AD3d at 1069).

Mercure, J.P., Peters, Malone Jr. and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed.