■ JOANN KRIEGER et al., Appellants, v VICKY COGAR et al., Respondents. [921 NYS2d 767]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 16, 2010 in a personal injury action. The order, upon reargument, granted defendants' cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Joann Krieger (plaintiff) in an accident involving defendants' six-day-old colt. When Vicky Cogar (defendant) attempted to place a halter on the colt, the animal backed into the stall door and knocked plaintiff, who was standing outside of the door, to the ground. We conclude that Supreme Court properly granted defendants' motion for leave to reargue their prior cross motion for summary judgment dismissing the complaint and, upon reargument, granted the cross motion.

Agriculture and Markets Law § 108 (7) characterizes horses, which include colts, as domestic animals, and it is well settled "that the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be

held liable for the harm the animal causes as a result of those propensities . . . Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (*Collier v Zambito*, 1 NY3d 444, 446 [2004]; *see Bard v Jahnke*, 6 NY3d 592, 596-597 [2006]). In *Collier* (1 NY3d at 447), the Court of Appeals held that "an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit." Once it is established that the owner of the animal in question had knowledge of its vicious propensity, the owner becomes strictly liable for any resulting injuries (*see Bard*, 6 NY3d at 597). "The Court of Appeals has explicitly 'reject[ed] the notion that a negligence cause of action survives *Collier* and *Bard*' " (*Farnham v Meder*, 72 AD3d 1574, 1575 [2010], quoting *Petrone v Fernandez*, 12 NY3d 546, 550 [2009]), "and it has held that the 'owner's liability is determined *solely* by application of the rule articulated in *Collier*' " (*id.*, quoting *Bard*, 6 NY3d at 599 [emphasis added]).

Here, defendants brought the colt to their property no more than two days before the incident, and they acknowledged that the colt had exhibited "skittish" or nervous behavior. Defendant Jeff Cogar testified at his deposition that skittish behavior was the common response of a horse after being transported to a new location, and defendant testified at her deposition that she was aware of the colt's tendencies to avoid human contact and seek the protection of his mother. The colt's repeated avoidance behavior, however, does not constitute a "proclivity to act in a way that puts others at risk of harm," which is required for a finding of vicious propensity (*Collier*, 1 NY3d at 447). Further, there is no evidence in the record that the colt's avoidance behavior was " 'abnormal to its class,' " another necessary characteristic of vicious behavior for the purpose of establishing liability (*Bard*, 6 NY3d at 597 n 2; *see* Restatement [Second] of Torts § 509 [1]). Indeed, plaintiffs' expert witness stated in his affidavit that a week-old colt would have a natural inclination to exhibit avoidance behavior, e.g., the placement of a halter on its face. Present—Centra, J.P., Fahey, Lindley, Gorski and Martoche, JJ. **[Prior Case History: 26 Misc 3d 1225(A), 2010 NY Slip Op 50249(U).]**