# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1186**
**CA 11-01109**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

RANDY J. TENNANT, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

DAVID TABOR AND ROBIN TABOR,
DEFENDANTS-APPELLANTS.

---

ROSSI AND MURNANE, NEW YORK MILLS (VINCENT J. ROSSI, JR., OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

BRINDISI, MURAD, BRINDISI, PEARLMAN, JULIAN & PERTZ, LLP, UTICA (EVA
BRINDISI PEARLMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Herkimer County
(Michael E. Daley, J.), entered December 22, 2010 in a personal injury
action. The order denied the motion of defendants for summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, defendants' motion is
granted and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained when his vehicle collided with a horse owned by
defendants. We agree with defendants that Supreme Court erred in
denying their motion for summary judgment dismissing the amended
complaint. " '[W]hen harm is caused by a domestic animal, its
owner[s'] liability is determined *solely* by application of the rule
articulated in *Collier* [*v Zambito*, (1 NY3d 444),]' . . . i.e., the
rule of strict liability for harm caused by a domestic animal whose
owner[s] know[] or should have known of the animal's vicious
propensities" (*Petrone v Fernandez*, 12 NY3d 546, 550). Consequently,
plaintiff's reliance on Agriculture and Markets Law § 353 is without
merit. Even assuming, arguendo, that the statute requires that
shelter be provided to a domestic animal (*see generally People v
Mahoney*, 9 Misc 3d 101, 103, *lv denied* 5 NY3d 854), we conclude that
"defendant[s'] violation of [that statute] . . . is irrelevant because
such a violation is only some evidence of negligence, and negligence
is no longer a basis for imposing liability for injuries sustained as
the result of" the actions of a domestic animal (*Tesmer v Colonna*, 77
AD3d 1305, 1305 [internal quotation marks omitted]; *see Petrone*, 12
NY3d at 550). Plaintiff's reliance on the doctrine of res ipsa
loquitor is also misplaced. Res ipsa loquitor is not a separate
theory of liability. Rather, it is merely a doctrine that permits a

factfinder to infer negligence under certain circumstances (*see generally Morejon v Rais Constr. Co.*, 7 NY3d 203, 207-211). Inasmuch as negligence will not support liability under the circumstances of this case, an inference of negligence is equally insufficient. Consequently, the court erred in denying the motion with respect to the common-law negligence claims (*see Vichot v Day*, 80 AD3d 851).

In addition, the court erred in denying the motion with respect to the strict liability claim. As we noted above, it is well settled "that the owner[s] of a domestic animal who either know[] or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities . . . Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (*Collier*, 1 NY3d at 446; *see Krieger v Cogar*, 83 AD3d 1552). "In *Collier* . . ., the Court of Appeals held that 'an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit' " (*Krieger*, 83 AD3d at 1553, quoting *Collier*, 1 NY3d at 447). Here, defendants submitted affidavits and deposition testimony in support of the motion establishing that they had no knowledge that the horse at issue had ever jumped the fence surrounding its corral or attempted to do so and that they had no information tending to show that the horse had a propensity to run in the roadways or to interfere with traffic. We therefore conclude that defendants met their initial burden with respect to the strict liability claim (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We further conclude that plaintiff failed to raise a triable issue of fact whether the horse had a propensity to interfere with traffic based upon one defendant's deposition testimony that the horse became spooked and ran around inside the confines of the corral during a thunderstorm. "In view . . . of the absence of any evidence that the [horse] . . . exhibited a . . . propensity [to interfere with traffic] prior to the incident involving the . . . plaintiff, no triable issue was raised" (*Bernstein v Penny Whistle Toys, Inc.*, 40 AD3d 224, 224, *affd* 10 NY3d 787; *see Rockwood v LaBate*, 83 AD3d 1530; *Myers v MacCrea*, 61 AD3d 1385). "Further, there is no evidence in the record that the [horse's] . . . behavior was abnormal to its class, another necessary characteristic of vicious behavior for the purpose of establishing liability" (*Krieger*, 83 AD3d at 1553 [internal quotation marks omitted]; *see Bard v Jahnke*, 6 NY3d 592, 597 n 2).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court