■ KAREN HASTINGS et al., Appellants, v LAURIER SAUVE et al., Respondents, et al., Defendant. [941 NYS2d 774]—

Kavanagh, J. Appeal from an order of the Supreme Court (Demarest, J.), entered March 3, 2011 in Franklin County, which

granted motions by defendants Laurier Sauve and William Delarm for summary judgment dismissing the complaint against them.

At approximately 1:30 A.M. on September 11, 2007, plaintiff Karen Hastings (hereinafter plaintiff) was injured when her vehicle collided with a cow on County Route 53 in the Town of Bangor, Franklin County. The cow had wandered onto Route 53 from a farm owned by defendant Laurier Sauve that was located next to the highway. Defendant William Delarm operated a cattle shipping business and used a corral on Sauve's property to temporarily store cattle before they were shipped for slaughter. Defendant Albert Williams assisted Delarm in his cattle business, and he claims that the cow that was struck by plaintiff's motor vehicle was one of several he kept in a fenced pasture on Sauve's property. In 2008, plaintiff and her husband, derivatively, commenced this action alleging that defendants were negligent in not properly confining the cow to the pasture and by allowing it to wander onto the adjacent highway causing this accident. Sauve and Delarm's motion for summary judgment dismissing the complaint was granted by Supreme Court, and this appeal by plaintiffs ensued.[1]

Initially, we note that plaintiffs, in their complaint, only alleged that defendants were negligent in failing to restrain the cow, and did not plead a cause of action against defendants alleging that they were strictly liable for the damages caused in this accident. However, claims involving " 'injuries inflicted by domestic animals may *only* proceed under strict liability based on the owner's knowledge of the animal's vicious propensities, not on theories of common-law negligence' " (*Rose v Heaton*, 39 AD3d 937, 939 [2007], quoting *Morse v Colombo*, 31 AD3d 916, 917 [2006]; *see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bard v Jahnke*, 6 NY3d 592, 598 [2006]; *Collier v Zambito*, 1 NY3d 444, 445-446 [2004]; *Gannon v Conti*, 86 AD3d 704, 705 [2011].[2] Therefore, plaintiffs' claim alleging that Delarm and Sauve were negligent in regard to the damages caused by this animal was properly dismissed. Moreover, even though Williams did not move for summary judgment, for the same reasons that liability cannot be imposed upon Sauve and Delarm, no liability can be imposed against him. Therefore, we grant summary judg-

---

1. Williams did not join in this motion and has not appeared on this appeal.

2. Cattle are included in the definition of domestic animals under the Agriculture and Markets Law (*see* Agriculture and Markets Law § 108 [7]; *see generally Bard v Jahnke*, 6 NY3d at 592).

ment dismissing the complaint against Williams, without reaching the issue of ownership.[3]

Had plaintiffs alleged a cause of action against defendants based on strict liability, they would have been required to present evidence that this particular cow had a vicious or abnormal propensity that caused this accident—and defendants knew or should have known of it (*see Petrone v Fernandez*, 12 NY3d at 550; *Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787, 788 [2008]; *Bard v Jahnke*, 6 NY3d at 601; *Collier v Zambito*, 1 NY3d at 446-447; *Vichot v Day*, 80 AD3d 851, 852 [2011]. Since no such claim has been made by plaintiffs, and no evidence to that effect has been presented, any claim that they were strictly liable for plaintiffs' injuries would also have been dismissed (*see Vichot v Day*, 80 AD3d at 852).

While we are obligated to affirm Supreme Court's dismissal of plaintiffs' claims against Delarm and Sauve, we must note our discomfort with this rule of law as it applies to these facts—and with this result. There can be no doubt that the owner of a large animal such as a cow or a horse assumes a very different set of responsibilities in terms of the animal's care and maintenance than are normally undertaken by someone who owns a household pet. The need to maintain control over such a large animal is obvious, and the risk that exists if it is allowed to roam unattended onto a public street is self-evident and not created because the animal has a vicious or abnormal propensity. Here, plaintiff was injured not because the cow was vicious or abnormal, but because defendants allegedly failed to keep it confined on farm property and, instead, allowed it to wander unattended onto the adjacent highway in the middle of the night, causing this accident. The existence of any abnormal or vicious propensity played no role in this accident, yet, under the law as it now exists, defendants' legal responsibility for what happened is totally dependent upon it. For this reason, we believe in this limited circumstance, traditional rules of negligence should apply to determine the legal responsibility of the animal's owner for damages it may have caused. However, it is not for this Court to alter this rule and, while it is in place, we are obligated to enforce it. Therefore, for reasons previously stated, Supreme Court's order granting the motion for summary judgment by Delarm and Sauve should in all respects be affirmed.

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered

---

**3.** This Court may search the record and grant summary judgment to a nonappealing, nonmoving party (*see Shields v Carbone*, 78 AD3d 1440, 1443 n 2 [2010]; *Luby v Rotterdam Sq., L.P.*, 47 AD3d 1053, 1055 [2008]).

that the order is modified, on the law, with costs to defendants Laurier Sauve and William Delarm, by granting summary judgment dismissing the complaint against defendant Albert Williams, and, as so modified, affirmed.