Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered September 8, 2011, which denied defendant Julie Smith’s (defendant) motion for summary judgment dismissing the complaint as against her, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff was injured when, while riding his bicycle, he collided with defendant’s dog. Plaintiff alleges that defendant was negligent because as plaintiff was riding nearby, defendant called for the dog, which was not wearing a leash, to come to her, resulting in the dog’s running into plaintiffs path of travel.
“New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal” {Egan v Horn, 74 AD3d 1133, 1134 [2d Dept 2010]). Rather, when harm is caused by a domestic animal, its owner can be held liable if he knew, or should have known, of the animal’s vicious propensities {Petrone v Fernandez, 12 NY3d 546, 550 [2009]; Collier v Zambito, 1 NY3d 444, 446 [2004]; see also Bard v Jahnke, 6 NY3d 592, 596-597, 599 [2006]). The term “vicious propensities” includes “the propensity to do any act that might endanger the safety of the persons and property of others in a given situation” {Collier v Zambito, 1 NY3d at *535 446 [internal quotation marks omitted]). Here, there is no evidence that defendant had knowledge that her dog had a propensity to interfere with traffic, and her motion for summary judgment should have been granted (see Smith v Reilly, 17 NY3d 895 [2011]).
The dissent believes that this case is distinguishable because it was defendant Smith’s action in calling the dog and defendant Goldsmith’s action in letting it go, “not the dog’s own instinctive, volitional behavior, that caused the accident.” However, in Petrone (12 NY3d at 546), a mail carrier alleged that the dog’s owner violated a local leash law and that the violation proximately caused her injuries, and the Court of Appeals held that the defendant’s violation of local leash law was “irrelevant because such a violation is only some evidence of negligence, and negligence is no longer a basis for imposing liability after Collier and Bard,” (see 12 NY3d at 550 [internal quotation marks omitted]; see also Tesmer v Colonna, 77 AD3d 1305 [4th Dept 2010]). Here, the accident occurred when defendant’s dog collided with plaintiff, and defendant’s alleged negligence in calling the dog does not provide a basis to depart from the strict liability rule recognized by the Court of Appeals in Petrone, Bard and Collier {see Bloomer v Shauger, 94 AD3d 1273, 1274 [3d Dept 2012] [“Although . . . defendant’s conduct on the day in question indeed may have evidenced some negligence on her part . . . , the Court of Appeals has made its position clear . . . ; therefore, we are constrained to view this matter solely in the context of strict liability” (citations omitted)]; Curbelo v Walker, 81 AD3d 772, 774 [2d Dept 2011] [“We reject the plaintiffs argument that this Court should recognize a common-law negligence claim based on the defendant’s actions in allegedly releasing six dogs in a public place, in light of the clear constraints against recognizing such claims imposed by the Court of Appeals holdings in Petrone . . . , Bard . . . and Collier”']-, Debellas v Verrill, 53 AD3d 593, 594 [2d Dept 2008] [“plaintiff may not recover on her common-law negligence cause of action”]). Concur—Andrias, DeGrasse, Richter and Clark, JJ.
Mazzarelli, J.E, dissents in a memorandum as follows: This accident occurred while plaintiff was riding his bicycle around the Central Park loop road. Plaintiff had passed the intersection where cars merge onto Seventh Avenue at the southernmost part of the loop, but he was not near one of the designated areas for pedestrians to cross into the interior of the park. He observed defendant Smith on the left side of the loop and defendant Goldsmith, Smith’s boyfriend, on the right side, roughly 30 to 50 yards ahead of him. Plaintiff testified that Goldsmith *536 “was holding a dog in a manner that he was almost hugging the dog, so he had his arm around the chest and the neck of the dog” and that Smith was “slightly bending down and clapping her hands on her upper thighs.” Interpreting Smith’s actions to be a signal to the dog (which was hers) to come to her, plaintiff screamed out, “Watch your dog.” Plaintiff then saw the dog in the middle of the road, but was unable to avoid colliding with it and being propelled off the bicycle. Defendants do not materially dispute plaintiffs recounting of the incident. Plaintiff seeks to recover against defendants on a theory of negligence. He does not claim that the dog’s actions were a result of any vicious propensities of which defendants may have been aware.
The Court of Appeals has held that a person who is injured in an accident involving an animal can never have a claim for negligence against the animal’s owner, but can only recover in strict liability on a showing that the owner knew of the animal’s vicious propensities (see Petrone v Fernandez, 12 NY3d 546 [2009]; Bard v Jahnke, 6 NY3d 592 [2006]). In Bard, the plaintiff, who was doing carpentry work in a dairy barn located on the defendant’s farm, was injured when a bull charged him. The bull had been permitted by the defendant to roam the farm and to breed with cows that had not been impregnated through artificial insemination. The Court rejected the plaintiffs argument that the defendant was negligent in permitting a breeding bull, with a tendency to express its dominance through acts of aggression, to roam freely. In Petrone, the Court refused to entertain a negligence claim asserted by a mail carrier who was injured while running away from an unrestrained Rottweiler that had begun to chase her.
The rule articulated in Bard and affirmed in Petrone is not without controversy. Indeed, Judge Pigott concurred in the holding in Petrone “on constraint” of Bard (12 NY3d at 551), and endorsed Judge Robert Smith’s dissent in that earlier case (id. at 552). In Judge Smith’s dissent in Bard, he stated that the holding that no negligence cause of action can ever lie in these cases “leaves New York with an archaic, rigid rule, contrary to fairness and common sense, that will probably be eroded by ad hoc exceptions” (6 NY3d at 599, R.S. Smith, J., dissenting).
Because of the Bard/Petrone rule, it has been virtually impossible for people injured by animals to recover if they could not establish the defendants’ knowledge of the animals’ vicious propensities. Indeed, even if the injury was not caused by “vicious” behavior, no remedy exists. Thus, in Lista v Newton (41 AD3d 1280 [4th Dept 2007]), the Fourth Department refused to entertain a negligence claim where the plaintiff’s ladder was *537 knocked down when the defendant’s horse ran into a fence the plaintiff was installing. In Hastings v Sauve (94 AD3d 1171 [3d Dept 2012]), the plaintiffs car struck a cow that had wandered onto the highway from an adjacent farm owned by the defendant, and the Third Department rejected her negligence claim. And in Egan v Horn (74 AD3d 1133 [2d Dept 2010]), the Second Department awarded the defendant summary judgment dismissing the negligence claim that was based on the plaintiffs having become entangled in the chain of a dog that was running around on the defendant’s property.
I fail to see how the majority in this case reconciles the facts here with the relevant precedents. The common denominator in each of the cited cases is that the plaintiff was injured because an animal did what nature permits it to do in the absence of its owner’s control. Here, conversely, the dog was in the control of defendants at all times in the split second before the accident occurred. Had Smith not called the dog, and Goldsmith not let it go, plaintiff would have ridden past them without incident. Thus, the majority’s statement that “there is no evidence that defendant had knowledge that her dog had a propensity to interfere with traffic” is irrelevant. Simply put, this case is different from the cases addressing the issue of injury claims arising out of animal behavior, because it was defendants’ actions, and not the dog’s own instinctive, volitional behavior, that caused the accident.
Defendants’ actions can be likened to those of two people who decide to toss a ball back and forth over a trafficked road without regard to a bicyclist who is about to ride into the ball’s path. If the cyclist collided with the ball and was injured, certainly we would not find that no negligence claim was available. However, the majority’s application of the Bard/Petrone rule to the facts of this case suggests that the law is in danger of evolving to the point where, simply because an animal is the immediate instrument of harm to a plaintiff, no claim for negligence lies against its owner. One can even imagine the following hypothetical situation falling within this rigid rule. A cat in an apartment several stories above the ground is sleeping on a windowsill. Its owner opens the window to let in some air, and inadvertently knocks the cat off its perch. The cat falls to the sidewalk below, injuring a pedestrian. Surely the Court of Appeals did not intend to bar a negligence claim against the owner under those circumstances. Nevertheless, the majority’s inflexible reading of Bard and Petrone represents a significant step towards that absurd outcome. Accordingly, I dissent, and would affirm the motion court’s denial of summary judgment to defendant Smith.