■ Wolfgang Doerr, Respondent, v Daniel Goldsmith, Defendant, and Julie Smith, Appellant. [978 NYS2d 1]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered September 8, 2011, which denied defendant Julie Smith's motion for summary judgment dismissing the complaint as against her, affirmed, without costs.

This accident occurred while plaintiff was riding his bicycle around the Central Park loop road. Plaintiff had passed the intersection where cars merge onto Seventh Avenue at the southernmost part of the loop, but he was not near one of the designated areas for pedestrians to cross into the interior of the park. He observed defendant Smith on the left side of the loop and defendant Goldsmith, Smith's boyfriend, on the right side, roughly 30 to 50 yards ahead of him. Plaintiff testified that Goldsmith "was holding a dog in a manner that he was almost hugging the dog, so he had his arm around the chest and the neck of the dog" and that Smith was "slightly bending down and clapping her hands on her upper thighs." Interpreting Smith's actions to be a signal to the dog (which was hers) to come to her, plaintiff screamed out, "Watch your dog." Plaintiff then saw the dog in the middle of the road, but was unable to avoid colliding with it and being propelled off the bicycle. Defendants do not materially dispute plaintiff's recounting of the incident. Plaintiff seeks to recover against defendants on a theory of negligence. He does not claim that the dog's actions were a result of any vicious propensities of which defendants may have been aware.

Until very recently, the Court of Appeals had held that a person who is injured in an accident involving an animal can never have a claim for negligence against the animal's owner, but can only recover in strict liability on a showing that the owner knew of the animal's vicious propensities (see Petrone v Fernandez, 12 NY3d 546 [2009]; Bard v Jahnke, 6 NY3d 592 [2006]). In Bard, the plaintiff, who was doing carpentry work in a dairy barn located on the defendant's farm, was injured when a bull charged him. The bull had been permitted by the defendant to roam the farm and to breed with cows that had not been impregnated through artificial insemination. The Court rejected

the plaintiff's argument that the defendant was negligent in permitting a breeding bull, with a tendency to express its dominance through acts of aggression, to roam freely. In *Petrone*, the Court refused to entertain a negligence claim asserted by a mail carrier who was injured while running away from an unrestrained Rottweiler that had begun to chase her. The rule articulated in *Bard* and affirmed in *Petrone* is not without controversy. Indeed, Judge Pigott concurred in the holding in *Petrone* "on constraint" of *Bard* (12 NY3d at 551), and endorsed Judge Robert Smith's dissent in that earlier case (*id.* at 552). In Judge Smith's dissent in *Bard*, he stated that the holding that no negligence cause of action can ever lie in these cases "leaves New York with an archaic, rigid rule, contrary to fairness and common sense, that will probably be eroded by ad hoc exceptions" (6 NY3d at 599 [R.S. Smith, J., dissenting]).

Because of the *Bard/Petrone* rule, it had been virtually impossible for people injured by animals to recover if they could not establish the defendants' knowledge of the animals' vicious propensities. Indeed, even if the injury was not caused by "vicious" behavior, no remedy existed. Thus, in *Lista v Newton* (41 AD3d 1280 [4th Dept 2007]), the Fourth Department refused to entertain a negligence claim where the plaintiff's ladder was knocked down when the defendant's horse ran into a fence the plaintiff was installing. In *Hastings v Sauve* (94 AD3d 1171 [3d Dept 2012]), the plaintiff's car struck a cow that had wandered onto the highway from an adjacent farm owned by the defendant, and the Third Department rejected her negligence claim. And in *Egan v Hom* (74 AD3d 1133 [2d Dept 2010]), the Second Department awarded the defendant summary judgment dismissing the negligence claim that was based on the plaintiff's having become entangled in the chain of a dog that was running around on the defendant's property.

Recently, however, the Court of Appeals revisited *Bard* and *Petrone* when it decided an appeal of *Hastings* (94 AD3d 1171). In reversing the grant of summary judgment to the defendants, the Court recognized that an accident caused by an animal's "aggressive or threatening behavior" is "fundamentally distinct" from one caused by an animal owner's negligence in permitting the animal from wandering off the property where it was kept (21 NY3d 122, 125 [2013]). The Court stated that the consequence of a blanket rule against negligence claims in cases where animals displayed no vicious propensities "would be to immunize defendants who take little or no care to keep their livestock out of the roadway or off of other people's property" (*id.*).

We recognize that the *Hastings* Court did not decide whether to apply the holding to dogs at that time. However, that should not be an impediment to denying summary judgment in this case. That is because this case is of an entirely different ilk than *Hastings*, *Bard* and *Petrone*. It is not about the particular actions of an animal that led to a person's injury. Rather, it is about the actions of a person that turned an animal into an instrumentality of harm. Here, the dog was in the control of defendants at all times in the split second before the accident occurred. Had Smith not called the dog, and Goldsmith not let it go, plaintiff would have ridden past them without incident.

Defendants' actions can be likened to those of two people who decide to toss a ball back and forth over a trafficked road without regard to a bicyclist who is about to ride into the ball's path. If the cyclist collided with the ball and was injured, certainly the people tossing the ball would be liable in negligence. Simply put, this case is different from the cases addressing the issue of injury claims arising out of animal behavior, because it was defendants' actions, and not the dog's own instinctive, volitional behavior, that most proximately caused the accident. Concur—Mazzarelli, J.P., Richter and Clark, JJ.

Andrias and DeGrasse, JJ., dissent in a memorandum by Andrias, J., as follows: We reversed the order denying defendant Smith's motion for summary judgment dismissing the complaint on the ground that New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal (*see Doerr v Goldsmith*, 105 AD3d 534 [1st Dept 2013]). Rather, the sole viable claim is for strict liability, and here there is no evidence that defendant had knowledge that her dog had a propensity to interfere with traffic (*see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bard v Jahnke*, 6 NY3d 592, 599 [2006]).

Plaintiff moved for reargument or leave to appeal to the Court of Appeals on the ground that, subsequent to our decision, the Court of Appeals changed the law in *Hastings v Sauve* (21 NY3d 122 [2013]). The majority, upon the grant of reargument, would recall our prior order and affirm the order denying defendant Smith's motion for summary judgment. Because I believe that our original determination was in all respects correct, and that plaintiff has not demonstrated that we overlooked or misapprehended any applicable fact or principle of law, or that there had been a change in the law that is applicable to this case, reargument should not have been granted. Accordingly, I dissent.

In *Hastings*, the plaintiff was injured when the van she was driving hit a cow on a public road. There was evidence that the

fence separating the defendant's property from the roadway was in disrepair. The Court of Appeals held "that a landowner or the owner of an animal may be liable under ordinary tort-law principles when a farm animal—i.e., a domestic animal as that term is defined in Agriculture and Markets Law § 108 (7)—is negligently allowed to stray from the property on which the animal is kept. We do not consider whether the same rule applies to dogs, cats or other household pets; that question must await a different case" (21 NY3d at 125-126).

By this language, the Court of Appeals limited its decision to farm animals and made clear that until such time as it addresses the issue, the strict liability rule still applies to cases involving household pets. Accordingly, this Court should adhere to the established rule that New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a pet dog.

I do believe that leave to appeal to the Court of Appeals should have been granted to determine whether it will extend the *Hastings* rule and depart from the strict liability rule where an accident may be deemed to have been caused by some direct action of a dog's owner rather the dog's natural propensities. However, and more to the point, I do not deem it appropriate for us to presume that the Court of Appeals will do so under the circumstances before us, given that this case does not involve a failure to keep a farm animal within "the property where it was kept" (*id.* at 125) or a failure to make sure that an animal was not in an area where it was not legally permitted to be. While cows may be expected to be kept on the farm, the Court of Appeals has thus far declined to impose liability where an owner permits a dog to be unleashed in a public place based on a theory of common-law negligence.

The Decision and Order of this Court entered herein on April 16, 2013 (105 AD3d 534 [2013]) is hereby recalled and vacated (*see* 2013 NY Slip Op 87042[U] [2013] [decided simultaneously herewith]).