Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered September 8, 2011, which denied defendant Julie Smith’s motion for summary judgment dismissing the complaint as against her, affirmed, without costs.
This accident occurred while plaintiff was riding his bicycle around the Central Park loop road. Plaintiff had passed the intersection where cars merge onto Seventh Avenue at the southernmost part of the loop, but he was not near one of the designated areas for pedestrians to cross into the interior of the park. He observed defendant Smith on the left side of the loop and defendant Goldsmith, Smith’s boyfriend, on the right side, roughly 30 to 50 yards ahead of him. Plaintiff testified that Goldsmith “was holding a dog in a manner that he was almost hugging the dog, so he had his arm around the chest and the neck of the dog” and that Smith was “slightly bending down and clapping her hands on her upper thighs.” Interpreting Smith’s actions to be a signal to the dog (which was hers) to come to her, plaintiff screamed out, “Watch your dog.” Plaintiff then saw the dog in the middle of the road, but was unable to avoid colliding with it and being propelled off the bicycle. Defendants do not materially dispute plaintiffs recounting of the incident. Plaintiff seeks to recover against defendants on a theory of negligence. He does not claim that the dog’s actions were a result of any vicious propensities of which defendants may have been aware.
Until very recently, the Court of Appeals had held that a person who is injured in an accident involving an animal can never have a claim for negligence against the animal’s owner, but can only recover in strict liability on a showing that the owner knew of the animal’s vicious propensities (see Petrone v Fernandez, 12 NY3d 546 [2009]; Bard v Jahnke, 6 NY3d 592 [2006]). In Bard, the plaintiff, who was doing carpentry work in a dairy barn located on the defendant’s farm, was injured when a bull charged him. The bull had been permitted by the defendant to roam the farm and to breed with cows that had not been impregnated through artificial insemination. The Court rejected *454 the plaintiff’s argument that the defendant was negligent in permitting a breeding bull, with a tendency to express its dominance through acts of aggression, to roam freely. In Petrone, the Court refused to entertain a negligence claim asserted by a mail carrier who was injured while running away from an unrestrained Rottweiler that had begun to chase her. The rule articulated in Bard and affirmed in Petrone is not without controversy. Indeed, Judge Pigott concurred in the holding in Petrone “on constraint” of Bard (12 NY3d at 551), and endorsed Judge Robert Smith’s dissent in that earlier case (id. at 552). In Judge Smith’s dissent in Bard, he stated that the holding that no negligence cause of action can ever lie in these cases “leaves New York with an archaic, rigid rule, contrary to fairness and common sense, that will probably be eroded by ad hoc exceptions” (6 NY3d at 599 [R.S. Smith, J., dissenting]).
Because of the Bard/Petrone rule, it had been virtually impossible for people injured by animals to recover if they could not establish the defendants’ knowledge of the animals’ vicious propensities. Indeed, even if the injury was not caused by “vicious” behavior, no remedy existed. Thus, in Lista v Newton (41 AD3d 1280 [4th Dept 2007]), the Fourth Department refused to entertain a negligence claim where the plaintiffs ladder was knocked down when the defendant’s horse ran into a fence the plaintiff was installing. In Hastings v Sauve (94 AD3d 1171 [3d Dept 2012]), the plaintiffs car struck a cow that had wandered onto the highway from an adjacent farm owned by the defendant, and the Third Department rejected her negligence claim. And in Egan v Hom (74 AD3d 1133 [2d Dept 2010]), the Second Department awarded the defendant summary judgment dismissing the negligence claim that was based on the plaintiff s having become entangled in the chain of a dog that was running around on the defendant’s property.
Recently, however, the Court of Appeals revisited Bard and Petrone when it decided an appeal of Hastings (94 AD3d 1171). In reversing the grant of summary judgment to the defendants, the Court recognized that an accident caused by an animal’s “aggressive or threatening behavior” is “fundamentally distinct” from one caused by an animal owner’s negligence in permitting the animal from wandering off the property where it was kept (21 NY3d 122, 125 [2013]). The Court stated that the consequence of a blanket rule against negligence claims in cases where animals displayed no vicious propensities “would be to immunize defendants who take little or no care to keep their livestock out of the roadway or off of other people’s property” (id.).
*455 We recognize that the Hastings Court did not decide whether to apply the holding to dogs at that time. However, that should not be an impediment to denying summary judgment in this case. That is because this case is of an entirely different ilk than Hastings, Bard and Petrone. It is not about the particular actions of an animal that led to a person’s injury. Rather, it is about the actions of a person that turned an animal into an instrumentality of harm. Here, the dog was in the control of defendants at all times in the split second before the accident occurred. Had Smith not called the dog, and Goldsmith not let it go, plaintiff would have ridden past them without incident.
Defendants’ actions can be likened to those of two people who decide to toss a ball back and forth over a trafficked road without regard to a bicyclist who is about to ride into the ball’s path. If the cyclist collided with the ball and was injured, certainly the people tossing the ball would be liable in negligence. Simply put, this case is different from the cases addressing the issue of injury claims arising out of animal behavior, because it was defendants’ actions, and not the dog’s own instinctive, volitional behavior, that most proximately caused the accident. Concur — Mazzarelli, J.P., Richter and Clark, JJ.