# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**626**

**CA 16-01369**

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND SCUDDER, JJ.

---

MAGGIE D. ARRINGTON, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

LARRY COHEN, DEFENDANT-APPELLANT.

---

HAGELIN SPENCER LLC, BUFFALO (MEGAN F. ORGANEK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie Court (Joseph R. Glownia, J.), entered April 7, 2016. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the first cause of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when defendant's dog bit her face. We agree with defendant that Supreme Court erred in denying that part of his motion seeking summary judgment dismissing the first cause of action, alleging common-law negligence (*see Lista v Newton*, 41 AD3d 1280, 1282), and we therefore modify the order accordingly. We further conclude, however, that the court properly denied that part of the motion seeking summary judgment dismissing the second cause of action, for strict liability, inasmuch as "[d]efendant's own submissions in support of the motion raise a triable issue of fact whether [his] dog had vicious propensities and, if so, whether [he] knew or should have known of those propensities" (*Lewis v Lustan*, 72 AD3d 1486, 1486; *see generally Collier v Zambito*, 1 NY3d 444, 446). Defendant submitted the records of a dog daycare facility stating that defendant's dog "snapped at" and "growl[ed] at" other dogs "for no reason," and that the dog "continued to growl and snap" as he was led out of the room by an employee. The records reflect that defendant was notified of the dog's behavior by telephone. The dog was described in the records as "unpredictable," and was not permitted to return to the daycare facility following the three-day trial period. Defendant also submitted plaintiff's deposition testimony wherein she testified that, on the night of the incident, defendant saw that the dog "nipped at" plaintiff when she entered defendant's home, and shortly thereafter

the dog bit plaintiff's face.