S.K. v Kobee (2018 NY Slip Op 00770)





S.K. v Kobee


2018 NY Slip Op 00770


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1533 CA 17-00165

[*1]S.K., AN INFANT BY HER MOTHER AND NATURAL GUARDIAN, TIFFANY KOBEE, AND TIFFANY KOBEE, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v
BEVERLY KOBEE AND DEVIN KOBEE, DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 






MURA & STORM, PLLC, BUFFALO (ROY A. MURA OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
FINKELSTEIN & PARTNERS, LLP, NEWBURGH (VICTORIA LIGHTCAP OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an amended order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered August 18, 2016. The amended order denied the motion of defendants for summary judgment dismissing the amended complaint. 
It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.
Memorandum: Plaintiffs commenced this action seeking, inter alia, damages for injuries sustained by the infant plaintiff (hereafter, plaintiff) when a dog owned by defendants bit plaintiff's face. In appeal No. 1, defendants appeal from an amended order denying their motion for summary judgment dismissing the amended complaint. In appeal No. 2, defendants appeal from a further order that, inter alia, granted plaintiffs' motion to quash a subpoena.
With respect to appeal No. 1, we agree with defendants that the court erred in denying their motion. Thus, we reverse the amended order in appeal No. 1, grant the motion and dismiss the amended complaint. Since at least 1816 (see e.g. Vrooman v Lawyer, 13 Johns 339, 339 [1816]), "the law of this state has been that the owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (Collier v Zambito, 1 NY3d 444, 446 [2004]). It is equally well settled, however, that, "when harm is caused by a domestic animal, its owner's liability is determined solely by application of the rule articulated in Collier" (Bard v Jahnke, 6 NY3d 592, 599 [2006]). Thus, "[t]here is no cause of action in negligence as against the owner of a dog who causes injury, but one may assert a claim in strict liability against a dog owner for harm caused by the dog's vicious propensities when the owner knew or should have known of those propensities" (Clark v Heaps, 121 AD3d 1384, 1384 [3d Dept 2014]; see Blake v County of Wyoming, 147 AD3d 1365, 1367 [4th Dept 2017]).
Here, defendants met their initial burden on their motion by establishing as a matter of law that they lacked actual or constructive knowledge that their dog had any vicious propensities (see Scheidt v Oberg, 65 AD3d 740, 740 [3d Dept 2009]; see generally Doerr v Goldsmith, 25 NY3d 1114, 1116 [2015]), and plaintiffs failed to raise a triable issue of fact (see Scheidt, 65 AD3d at 740-741; cf. Arrington v Cohen, 150 AD3d 1695, 1696 [4th Dept 2017]).
In light of our determination in appeal No. 1, we dismiss the appeal from the order in appeal No. 2 as moot.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court