Young v Grizanti (2018 NY Slip Op 06406)





Young v Grizanti


2018 NY Slip Op 06406


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND WINSLOW, JJ.


1026 CA 18-00092

[*1]TODD J. YOUNG AND MICHELLE YOUNG, PLAINTIFFS-RESPONDENTS,
v
GIGI E. GRIZANTI, DEFENDANT-APPELLANT. 






BAXTER, SMITH & SHAPIRO, P.C., WEST SENECA (JOSHUA A. BLOOM OF COUNSEL), FOR DEFENDANT-APPELLANT.
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered August 23, 2017. The order denied defendant's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries that Todd J. Young (plaintiff), a postal carrier with the United States Postal Service, allegedly sustained when he was delivering mail to defendant's residence and defendant's dog "attacked and bit" him, which caused him to trip and fall on bags of mulch on defendant's driveway. Supreme Court denied defendant's motion for summary judgment dismissing the complaint. We affirm.
We conclude that defendant failed to meet her initial burden of establishing that she neither knew nor should have known that the dog had any vicious propensities (see generally Doerr v Goldsmith, 25 NY3d 1114, 1116 [2015]). While defendant submitted her own affidavit, in which she averred she had no knowledge of the dog previously biting anyone, or jumping aggressively or acting in a dangerous manner towards anyone, she also submitted plaintiff's deposition testimony that, because of the dog's vicious behavior, postal carriers nicknamed the dog "Cujo" and a Dog/Animal Warning Card was issued to postal carriers who delivered mail to defendant's residence. Defendant also submitted the deposition testimony of another postal carrier who, along with plaintiff, testified that when they delivered mail to defendant's residence, the dog slammed into the door and/or barked or growled and otherwise acted in a vicious manner. Plaintiff and the other postal carrier also testified that the dog was kept restrained in defendant's home, with the wooden front door shut. Thus, by submitting testimony describing the dog's repeated vicious behavior, defendant's own submissions raised a triable issue of fact whether she knew or should have known about the dog's vicious propensities (see Arrington v Cohen, 150 AD3d 1695, 1696 [4th Dept 2017]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court