Bavifard v Capretto (2019 NY Slip Op 00756)





Bavifard v Capretto


2019 NY Slip Op 00756


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1159 CA 18-00853

[*1]BAHMAN BAVIFARD, PLAINTIFF-APPELLANT,
v
DAVID CAPRETTO, DEFENDANT-RESPONDENT. 






WAYNE C. FELLE, P.C., WILLIAMSVILLE, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON LLP, BUFFALO (JOHN P. GAUGHAN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered September 8, 2017. The order granted defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the second cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he was trampled by defendant's two horses, who broke free while plaintiff was assisting defendant in hitching the horses to a cart. Supreme Court granted defendant's motion for summary judgment dismissing the complaint, and plaintiff appeals.
Initially, we reject plaintiff's contention that the court erred in granting the motion with respect to the first cause of action, for common-law negligence. " [W]hen harm is caused by a domestic animal, its owner's liability is determined solely by application of the rule' . . . of strict liability for harm caused by a domestic animal whose owner knows or should have known of the animal's vicious propensities" (Petrone v Fernandez, 12 NY3d 546, 550 [2009], quoting Bard v Jahnke, 6 NY3d 592, 599 [2006]; see Krieger v Cogar, 83 AD3d 1552, 1552-1553 [4th Dept 2011]; Vichot v Day, 80 AD3d 851, 852 [3d Dept 2011]). Under the circumstances presented here, the exception to that rule, as set forth in Hastings v Sauve (21 NY3d 122, 125-126 [2013]), does not apply.
We agree with plaintiff, however, that the court erred in granting the motion with respect to the second cause of action, for strict liability based on the horses' vicious propensities, and we therefore modify the order accordingly. "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (Collier v Zambito, 1 NY3d 444, 446 [2004], quoting Dickson v McCoy, 39 NY 400, 403 [1868]). In support of his motion, defendant submitted plaintiff's deposition transcript, wherein plaintiff testified that, prior to plaintiff's injury, defendant stated that "once the horses are kept inside . . . they go crazy in the winter." Thus, defendant's own submissions raise triable issues of fact whether his horses " had vicious propensities and, if so, whether [he] knew or should have known of those propensities' " (Arrington v Cohen, 150 AD3d 1695, 1696 [4th Dept 2017]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court