Shuttleworth v Cory (2023 NY Slip Op 06635)

Shuttleworth v Cory

2023 NY Slip Op 06635

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND DELCONTE, JJ.

877 CA 22-01896

[*1]ROBERT SHUTTLEWORTH, PLAINTIFF-RESPONDENT-APPELLANT,
v
SANDRA CORY, DEFENDANT-APPELLANT-RESPONDENT, ET AL., DEFENDANT. 

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.
CELLINO LAW LLP, BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 

 Appeal and cross-appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered October 6, 2022. The order denied the motion of defendant Sandra Cory for summary judgment, and denied the cross-motion of plaintiff for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint against defendant Sandra Cory insofar as it alleges common-law negligence, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was kicked by a horse owned by Sandra Cory (defendant). Defendant owned a horse farm and had approximately 13 horses, including two or three studs, in individual stalls in a barn. On the night of the incident, defendant called plaintiff, who was familiar with the horses, to say that two of the studs were fighting in the barn. Plaintiff arrived on the property and entered the barn, where he was kicked by one of the studs.
Defendant moved for summary judgment dismissing the complaint against her, and plaintiff cross-moved for summary judgment seeking, inter alia, an order determining that defendant was negligent and also had knowledge of the vicious propensities of the horse. Supreme Court denied the motion and cross-motion. Defendant appeals, and plaintiff cross-appeals.
Addressing first defendant's appeal, we agree with defendant that plaintiff cannot maintain a cause of action for common-law negligence based on the injuries that were caused by the horse, and we therefore modify the order by granting defendant's motion in part and dismissing the complaint against her insofar as it alleges common-law negligence. Agriculture and Markets Law § 108 (7) classifies horses as domestic animals, and " '[w]hen harm is caused by a domestic animal, its owner's liability is determined solely by application of the rule'
. . . of strict liability for harm caused by a domestic animal whose owner knows or should have known of the animal's vicious propensities" (Petrone v Fernandez, 12 NY3d 546, 550 [2009], quoting Bard v Jahnke, 6 NY3d 592, 599 [2006]; see Krieger v Cogar, 83 AD3d 1552, 1552-1553 [4th Dept 2011]). Contrary to plaintiff's contention, the exception to that rule set forth in Hastings v Sauve (21 NY3d 122, 125-126 [2013]) does not apply here, inasmuch as the horse did not stray from defendant's property (see Bavifard v Capretto, 169 AD3d 1402, 1402-1403 [4th Dept 2019]). Contrary to plaintiff's further contention, he may not maintain a negligence claim against defendant under the reasoning of Hewitt v Palmer Veterinary Clinic, PC (35 NY3d 541 [2020]). In that case, the Court of Appeals held that the Bard rule, set forth above, does not apply to a veterinary clinic (see id. at 547-548). The Court reasoned that the Bard "line of precedent concerning animal owners [was not] directly implicated" in Hewitt (id. at 548). By [*2]contrast, inasmuch as defendant was the owner of the horse that injured plaintiff, the Bard rule of strict liability applies here.
Next, to the extent defendant contends on her appeal that the complaint fails to plead a claim for strict liability, that contention is improperly raised for the first time on appeal (see Ballard v Sin City Entertainment Corp., 188 AD3d 554, 555-556 [1st Dept 2020]; see also McClelland v Mutual Life Ins. Co. of N.Y., 217 NY 336, 348 [1916]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Defendant on her appeal further contends that, even if the complaint pleads a strict liability claim, she is entitled to summary judgment dismissing that claim. Plaintiff on his cross-appeal contends that he is entitled to summary judgment on the issue of strict liability. We reject both contentions and conclude that neither party is entitled to summary judgment (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (Collier v Zambito, 1 NY3d 444, 446 [2004], quoting Dickson v McCoy, 39 NY 400, 403 [1868]). "[A]n animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (id. at 447). We conclude that triable issues of fact exist here, including how many studs were loose on the night of the incident, whether the stud that kicked plaintiff had previously escaped from his stall, whether that stud had previously exhibited dangerous behavior when loose and, if so, whether defendant was aware of that behavior, and whether that stud broke the stall door latch when he escaped (cf. O'Hara v Holiday Farm, 147 AD3d 1454, 1455-1456 [4th Dept 2017]; see generally Bavifard, 169 AD3d at 1403).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court