■ KIM S. POMEROY, Appellant, v VITO A. BUCCINA, III, et al., Defendants, and CITY OF SYRACUSE, Respondent. [735 NYS2d 678] —Order and judgment unanimously reversed on the law without costs, motion denied and complaint against defendant City of Syracuse reinstated. Memorandum: Supreme Court erred in granting the motion of defendant City of Syracuse (City) seeking summary judgment dismissing the complaint against it. Plaintiff commenced this personal injury action seeking damages for injuries she sustained while crossing the street at the intersection at South Salina Street and West Onondaga Street in the City of Syracuse. A vehicle operated by defendant Vito A. Buccina, III struck plaintiff as she was crossing from the southwest to the southeast corner of the intersection, which is controlled by traffic lights and pedestrian crossing signals. At the time of the accident the City was in the process of replacing the pedestrian crossing signals used at downtown intersections and there was a new pedestrian crossing signal next to the existing signal on each corner. The new pedestrian crossing signal on the southeast corner was covered by a bag, and, according to plaintiff, the "walk/don't walk" lights on the existing signal were not illuminated. The traffic light changed when plaintiff was in the middle of the intersection, and she was struck by Buccina's vehicle.

The City met its burden of establishing its entitlement to judgment as a matter of law by submitting evidence that it was not negligent in its maintenance of the pedestrian crossing signal and that, in any event, its alleged negligence was not a proximate cause of the accident. Plaintiff, however, raised a triable issue of fact with respect to the City's alleged negligence. Plaintiff submitted evidence that the pedestrian crossing signal had been malfunctioning for a period of approximately one month and was "always broken." Plaintiff therefore presented prima facie evidence of negligence by demonstrating the existence of a dangerous condition and that the condition had existed "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *see, Ferris v County of Suffolk*, 174 AD2d 70, 75).

Plaintiff also raised a triable issue of fact with respect to proximate cause. Plaintiff's expert averred that the purpose of pedestrian crossing signals is to facilitate safe pedestrian crossing and prevent accidents. Plaintiff's expert further averred that the lack of an operating pedestrian crossing signal was a "contributing factor" to the happening of the accident because "a pedestrian has no way of telling how much time they have to attempt to cross the street." To establish proximate cause, a "plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784). Here, plaintiff raised a triable issue of fact whether the absence of an operational pedestrian crossing signal was a substantial cause of the accident that produced her injuries (*cf., Rubinfeld v City of New York*, 263 AD2d 448, 449-450, *lv denied* 94 NY2d 752). We reject the City's contention that Buccina's actions constituted a superseding intervening cause. A superseding act of a third party will break the chain of causation only when the act is not a "normal or foreseeable consequence of the situation created by the defendant's negligence" (*Derdiarian v Felix Contr. Corp.*, supra, at 315; *see, Parvi v City of Kingston*, 41 NY2d 553, 560), and "questions concerning what is foreseeable and what is normal * * * generally are for the fact finder to resolve" (*Derdiarian v Felix Contr. Corp.*, supra, at 315).

Based on our determination that plaintiff raised triable issues of fact under an ordinary standard of review, we need not address the contention of plaintiff that she is entitled to a lower burden of proof based on her posttraumatic amnesia (*see generally, Schechter v Klanfer*, 28 NY2d 228, 231-232; *Nose-*

*worthy v City of New York,* 298 NY 76, 80-81). (Appeal from Order and Judgment of Supreme Court, Onondaga County, McCarthy, J.—Summary Judgment.) Present—Pine, J. P., Scudder, Burns, Gorski and Lawton, JJ.