MITCHELL A. FLYNN, Individually and on Behalf of BRENDEN S. FLYNN, et al., Respondents, v LISA R. COMPTON, Defendant, and COUNTY OF SENECA, Appellant. [833 NYS2d 782]—

Appeal from an order of the Supreme Court, Seneca County (W. Patrick Falvey, A.J.), entered November 17, 2005 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant County of Seneca for summary judgment dismissing the amended complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking dam-

ages for injuries sustained by plaintiff Brenden S. Flynn when the vehicle he was driving was struck by the vehicle driven by defendant Lisa R. Compton. It is undisputed that Compton failed to yield the right of way at an intersection. The County of Seneca (defendant) correctly concedes that it was negligent in its failure to use appropriate signage in the area of the intersection, but it nevertheless contends that Supreme Court erred in denying its motion seeking summary judgment dismissing the amended complaint against it on the ground that its negligence was not a proximate cause of the accident. Even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiffs raised an issue of fact with respect to proximate cause sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiffs submitted the affidavit of their expert, who disagreed with defendant's expert that the yield sign is visible at a distance of 1,055 feet and instead averred that "the intersection is visible and the yield sign may be visible" at a distance of 300 feet from the intersection. Plaintiffs also submitted photographs of the roadway approaching the intersection demonstrating that the yield sign and intersection were not clearly visible at a distance of 300 feet, but were clearly visible at a distance of 148 feet. Despite the error in the variable used by plaintiffs' expert and despite the deposition testimony of Compton that she did not see either the sign or the intersection, we conclude that plaintiffs raised an issue of fact whether Compton's actions were "a normal or foreseeable consequence of the situation created by the defendant's negligence" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *see Pomeroy v Buccina*, 289 AD2d 944, 945 [2001]). Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.