*1493 Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered July 6, 2010 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is affirmed with costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by John F. Smith (plaintiff) when a dog owned by defendant ran into the road and collided with plaintiff’s bicycle, causing plaintiff to be propelled over the handlebars. Supreme Court properly denied defendant’s motion seeking summary judgment dismissing the complaint. “[T]he owner of a domestic animal who either knows or should have known of that animal’s vicious propensities will be held liable for the harm the animal causes as a result of those propensities” (Collier v Zambito, 1 NY3d 444, 446 [2004]). In support of the motion, defendant submitted her own deposition testimony, in which she testified that the dog had a propensity to “bolt” from her residence and that she had observed the dog in and around the roadway on several occasions. Defendant’s testimony “raise[s] an issue of fact whether defendant had actual or constructive notice that the dog was either vicious or likely to interfere with traffic” (Sinon v Anastasi, 244 AD2d 973 [1997]; cf. Roberts v Joller, 39 AD3d 1224 [2007]).
Even assuming, arguendo, that defendant met her initial burden on the motion, we conclude that plaintiffs raised a triable issue of fact sufficient to defeat the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition to the motion, plaintiffs submitted the affidavit of a witness who had observed the dog loose on a few occasions and averred that the dog “barks and runs for the roadway.” “[A]n animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit” (Collier, 1 NY3d at 447). Thus, the evidence submitted by plaintiffs also raises a triable issue of fact whether defendant had notice *1494 of the dog’s proclivity to act in a way that created the risk of harm to plaintiff that resulted in the accident.
All concur except Scudder, P.J., and Smith, J., who dissent and vote to reverse in accordance with the following memorandum.