[989 NE2d 940, 967 NYS2d 658]

KAREN HASTINGS et al., Appellants, v LAURIER SAUVE et al., Respondents, et al., Defendant.

Argued March 21, 2013; decided May 2, 2013

### POINTS OF COUNSEL

*Fischer, Bessette, Muldowney & Hunter, LLP,* Malone (*Matthew H. McArdle* of counsel), for appellants. I. The courts below misapplied the case law on the strict liability issue. (*Vichot v Day,* 80 AD3d 851; *Bard v Jahnke,* 6 NY3d 592; *Collier v Zambito,* 1 NY3d 444; *Petrone v Fernandez,* 12 NY3d 546; *Rose v Heaton,* 39 AD3d 937; *Gannon v Conti,* 86 AD3d 704; *Alia v Fiorina,* 39 AD3d 1068; *Unger v Forty-Second St. & Grand St. Ferry R.R. Co.,* 51 NY 497; *Young v Wyman,* 159 AD2d 792, 76 NY2d 1009; *Loeffler v Rogers,* 136 AD2d 824.) II. Issues of fact exist as to whether defendants knew or should have known of the propensities of the cow to escape the pasture. (*Rose v Heaton,* 39 AD3d 937; *Bard v Jahnke,* 6 NY3d 592; *Bannout v McDaniels,* 30 Misc 3d 1215[A], 2011 NY Slip Op 50073[U]; *Deborah Intl. Beauty v Quality King Distribs.,* 175 AD2d 791; *Weinstock v Handler,* 254 AD2d 165.) III. At minimum, the strict liability rule cannot be applied for the benefit of defendant Laurier Sauve. (*Vichot v Day,* 80 AD3d 851; *St. Germain v Dutchess County Agric. Socy.,* 274 AD2d 146.)

*Napierski, VanDenburgh, Napierski & O'Connor, LLP,* Albany (*John W. VanDenburgh* and *Christina D. Porter* of counsel), for Laurier Sauve, respondent. I. A claim in strict liability is the only cause of action permitted for harm caused by a domestic animal. (*Bard v Jahnke,* 6 NY3d 592; *Collier v Zambito,* 1 NY3d 444; *Smith v Reilly,* 17 NY3d 895; *Petrone v Fernandez,* 12 NY3d 546; *Bernstein v Penny Whistle Toys, Inc.,* 10 NY3d 787; *Alia v Fiorina,* 39 AD3d 1068; *Tennant v Tabor,* 89 AD3d 1461; *Vichot v Day,* 80 AD3d 851; *Staller v Westfall,* 225 AD2d 885; *Krieger v Cogar,* 83 AD3d 1552.) II. Respondent Laurier Sauve should be

subject to the same liability standard as the animal's owner. (*Petrone v Fernandez*, 12 NY3d 546; *Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787.) III. Appellant failed to establish a claim in strict liability. IV. Respondent Laurier Sauve had no actual or constructive notice of a dangerous condition with respect to the fence. (*Piacquadio v Recine Realty Corp*, 84 NY2d 967; *Gordon v American Museum of Natural History*, 67 NY2d 836; *Stewart v Canton-Potsdam Hosp. Found., Inc.*, 79 AD3d 1406.)

*O'Connor, O'Connor, Bresee & First, P.C.*, Albany (*Danielle N. Meyers* of counsel), for William Delarm, respondent. I. Plaintiffs' claims are limited to strict liability because plaintiffs allege injuries for harm allegedly caused by a domestic animal. (*Smith v Reilly*, 17 NY3d 895; *Petrone v Fernandez*, 12 NY3d 546; *Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787; *Bard v Jahnke*, 6 NY3d 592; *Collier v Zambito*, 1 NY3d 444; *Roberts v Joller*, 39 AD3d 1224; *Alia v Fiorina*, 39 AD3d 1068.) II. Plaintiffs' complaint was properly dismissed because there is no evidence the cow at issue had a propensity to interfere with traffic or evidence that defendant William Delarm had knowledge of the cow's propensity to escape from the pasture and interfere with traffic. (*Collier v Zambito*, 1 NY3d 444; *Smith v Reilly*, 17 NY3d 895; *Vichot v Day*, 80 AD3d 851; *Alia v Fiorina*, 39 AD3d 1068; *Staller v Westfall*, 225 AD2d 885; *Bard v Jahnke*, 6 NY3d 592; *Roberts v Joller*, 39 AD3d 1224.) III. The issue of ownership is not ripe for the Court's consideration. (*Hamilton v Beretta U.S.A. Corp.*, 96 NY2d 222; *Filiberto v Herk's Tavern, Inc.*, 37 AD3d 1007; *Arslanoglou v Defayette*, 105 AD2d 973; *Nidzyn v Stevens*, 148 AD2d 592; *Rodriguez v Messenger*, 108 AD2d 1085; *Doumbia v City of New York*, 78 AD3d 587; *Becovic v Poisson & Hackett*, 49 AD3d 435; *Raux v City of Utica*, 59 AD3d 984.)

**OPINION OF THE COURT**

SMITH, J.

We hold that the rule of *Bard v Jahnke* (6 NY3d 592 [2006]) does not bar a suit for negligence when a farm animal has been allowed to stray from the property where it is kept.

Karen Hastings was injured when the van she was driving hit a cow on a public road. The cow had been kept on property owned by Laurier Sauve, and the cow itself was owned by either Albert Williams or William Delarm. There was evidence that the fence separating Sauve's property from the road was overgrown and in bad repair.

Hastings and her husband brought this personal injury action against Sauve, Williams and Delarm. Supreme Court granted summary judgment motions by Sauve and Delarm. The Appellate Division affirmed as to those defendants, and granted summary judgment as to Williams also, citing *Bard* and other cases for the proposition that "injuries inflicted by domestic animals may *only* proceed under strict liability based on the owner's knowledge of the animal's vicious propensities, not on theories of common-law negligence" (*Hastings v Sauve*, 94 AD3d 1171, 1172 [3d Dept 2012] [internal quotation marks omitted]). The Appellate Division expressed its "discomfort with this rule of law as it applies to these facts—and with this result" (*id.* at 1173), and later granted plaintiffs leave to appeal to this Court. We now hold that the rule of *Bard* is inapplicable to a case of this kind, and reverse the Appellate Division's order.

In *Bard,* we denied recovery to a plaintiff who was attacked by a bull while working in the barn where the bull was kept. Noting that the bull "had never attacked any farm animal or human being before," we declined to "dilute our traditional rule" that a plaintiff in such a case must show that defendant had knowledge of the animal's "vicious propensities" (6 NY3d at 597-599). We made clear that by "vicious propensities" we meant any behavior that "reflects a proclivity to act in a way that puts others at risk of harm" (*id.* at 597, quoting *Collier v Zambito*, 1 NY3d 444, 447 [2004]). We have followed *Bard* in two more recent cases involving plaintiffs who were attacked or threatened by dogs (*Petrone v Fernandez*, 12 NY3d 546 [2009]; *Bernstein v Penny Whistle Toys, Inc.*, 10 NY3d 787 [2008]).

This case, unlike *Collier, Bard, Bernstein* and *Petrone,* does not involve aggressive or threatening behavior by any animal. The claim here is fundamentally distinct from the claim made in *Bard* and similar cases: It is that a farm animal was permitted to wander off the property where it was kept through the negligence of the owner of the property and the owner of the animal. To apply the rule of *Bard*—that "when harm is caused by a domestic animal, its owner's liability is determined solely" by the vicious propensity rule (6 NY3d at 599)—in a case like this would be to immunize defendants who take little or no care to keep their livestock out of the roadway or off of other people's property.

We therefore hold that a landowner or the owner of an animal may be liable under ordinary tort-law principles when a farm animal—i.e., a domestic animal as that term is defined in

Agriculture and Markets Law § 108 (7)—is negligently allowed to stray from the property on which the animal is kept. We do not consider whether the same rule applies to dogs, cats or other household pets; that question must await a different case.

In this case, while a number of important facts are disputed, the record read most favorably to plaintiffs would support a finding that any or all of the three defendants were negligent in allowing the cow to enter the roadway. Summary judgment in defendants' favor should therefore not have been granted.

Accordingly, the order of the Appellate Division should be reversed with costs and defendants' motions for summary judgment denied. The certified question is not necessary and should not be answered.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and RIVERA concur.

Order reversed, with costs, defendants' motions for summary judgment denied, and certified question not answered on the ground that it is unnecessary.