Order, Supreme Court, New York County (Martin Shulman, J.), entered July 9, 2013, which, insofar as appealed from as limited by the briefs, denied plaintiff’s motion for leave to amend the complaint to assert new claims relating to an additional 211 bottles of allegedly counterfeit wine, unanimously reversed, on the law and the facts, without costs, and the motion granted.
The original complaint alleged that, in four separate transactions in April, May and July 2005 and January 2006, defendant sold plaintiff “numerous bottles” of wine, of which “at least” five were counterfeit, and that “additional bottles [were] suspect, requiring further research.” These allegations placed defendant on notice that, as a result of “further research” on the “numerous bottles” of wine that defendant had sold him (about 1,500, according to defendant), plaintiff might assert additional claims relating to other bottles, such as the 211 additional bottles complained of in the amended complaint. Most of those additional 211 bottles were sold in the four transactions identified in the original complaint, and all of them were sold during the 10-month period identified in the original *597 complaint. Thus, the original complaint gave defendant notice of the transactions or series of transactions to be proved pursuant to the amended complaint, and the new claims are deemed to relate back to the original complaint, for purposes of the statute of limitations (see CPLR 203 [f]; Jennings-Purnell v Jennings, 107 AD3d 513 [1st Dept 2013]; Giambrone v Kings Harbor Multicare Ctr, 104 AD3d 546, 548 [1st Dept 2013]).
The amendment of the complaint will not unduly prejudice defendant. “Prejudice does not occur simply because a defendant is exposed to greater liability or . . . has to expend additional time preparing its case” (Jacobson v McNeil Consumer & Specialty Pharms., 68 AD3d 652, 654 [1st Dept 2009] [internal citation omitted]; Giambrone, 104 AD3d at 548). In any event, the motion court granted plaintiff leave to amend the complaint to add significant factual allegations relating to defendant’s relationship with an allegedly criminal purveyor of wines (that part of the order is not at issue on this appeal), which will require additional discovery. Absent any other prejudice, the fact that plaintiff waited until after resolution of the interlocutory appeals is not sufficient reason to deny his motion (see Jacobson, 68 AD3d at 655). Concur — Sweeny, J.P, Andrias, Moskowitz, DeGrasse and Gische, JJ.