# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**308**
**CA 13-00042**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

KATHLEEN A. SARGENT, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF ERIC J.
ENGASSER, DECEASED, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

DONALD MAMMOSER, DEFENDANT-RESPONDENT.

---

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

WALSH ROBERTS & GRACE, BUFFALO (JOSEPH H. EMMINGER, JR., OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered August 30, 2012. The order granted the motion of defendant for summary judgment dismissing the complaint and denied the cross motion of plaintiff to amend the complaint and for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendant's motion and reinstating the complaint, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this wrongful death action individually and as administratrix of the estate of Eric J. Engasser (decedent), seeking damages for fatal injuries sustained by decedent in a motorcycle accident. The accident occurred when the motorcycle operated by decedent collided with a cow on East Eden Road in the Town of Eden. The cow had wandered onto East Eden Road from a farm that was owned by defendant and located along the roadway. Plaintiff alleged that defendant was negligent in failing to control, care for, and supervise his cow. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved to amend the complaint to add a claim for strict liability based on vicious propensities and for partial summary judgment on the issue of liability. Supreme Court granted defendant's motion and denied plaintiff's cross motion.

We note at the outset that plaintiff does not contend on appeal that the court erred in denying her cross motion, and thus she is deemed to have abandoned any contention with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984). We agree with

plaintiff, however, that the court erred in granting defendant's motion for summary judgment dismissing the complaint.  We conclude that the decision of the Court of Appeals in *Hastings v Sauve* (21 NY3d 122) compels the denial of defendant's motion, and we therefore modify the order accordingly.

In *Hastings* (21 NY3d at 124), the plaintiff was injured when the van she was driving hit a cow on a public road.  The cow had been kept on the property of one of the defendants, and there was evidence that the fence separating that defendant's property from the road was overgrown and in bad repair (*id.*).  The plaintiff and her husband commenced a personal injury action against the property owner and the owners of the animal (*id.* at 125).  In reversing the order of the Third Department, which had ruled that injuries inflicted by domestic animals may proceed only under a strict liability theory based on the owner's knowledge of the animal's vicious propensities, the Court of Appeals held that the rule articulated in cases such as *Petrone v Fernandez* (12 NY3d 546, 550), *Bard v Jahnke* (6 NY3d 592, 596-597), and *Collier v Zambito* (1 NY3d 444, 446) "does not bar a suit for negligence when a farm animal has been allowed to stray from the property where it is kept" (*Hastings*, 21 NY3d at 124).  The Court reasoned that the claim in *Hastings* was "fundamentally distinct from the claim made in *Bard* and similar cases:  It is that a farm animal was permitted to wander off the property where it was kept through the negligence of the owner of the property and the owner of the animal" (*id.* at 125).  The Court further reasoned that to apply the rule in *Bard*, i.e., that the owner's liability is determined solely by the vicious propensity rule, "would be to immunize defendants who take little or no care to keep their livestock out of the roadway or off of other people's property" (*id.*).  The Court therefore held that "a landowner or the owner of an animal may be liable under ordinary tort-law principles when a farm animal—i.e., a domestic animal as that term is defined in Agriculture and Markets Law § 108 (7)—is negligently allowed to stray from the property on which the animal is kept" (*id.* at 125-126).  That holding is applicable here to the instant case.

Defendant's contention that he is entitled to summary judgment dismissing plaintiff's common-law negligence claim on the ground that he lacked notice of the defect in the fence surrounding the paddock where the cow was kept is not properly before us inasmuch as it is raised for the first time on appeal (*see Ciesinski*, 202 AD2d at 985).  In any event, we conclude that there are triable issues of fact with respect to defendant's negligence based upon, inter alia, defendant's own testimony that there was a break in the fence on the night of the accident and his acknowledgment that there had been previous breaks in the fence that had to be repaired; the affidavits of defendant's neighbors, who averred that the escape of defendant's cows was a recurring problem; and the affidavit of plaintiff's expert, who opined that defendant's fence was inadequate (*see Hastings*, 21 NY3d at 126).

Entered:  May 9, 2014                              Frances E. Cafarell
                                                   Clerk of the Court