*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 20, 2014       518573
_____

ROBERT CAREY,

           Appellant,

    v                         MEMORANDUM AND ORDER

BURTON P. SCHWAB,

           Respondent.
_____

Calendar Date: October 9, 2014

Before: Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

_____

      The Mills Law Firm, LLP, Clifton Park (Christopher K. Mills of counsel), for appellant.

      Law Office of Theresa J. Puleo, Albany (Nora A. Murphy of counsel), for respondent.

_____

Stein, J.P.

      Appeal from an order of the Supreme Court (Ferradino, J.), entered November 18, 2013 in Saratoga County, which, among other things, denied plaintiff's motion to serve a second amended complaint.

      The facts underlying this action are more fully set forth in a prior decision of this Court (108 AD3d 976 [2013]). Briefly, on May 24, 2008, defendant and two others rode three horses to a local tavern. While defendant — who was riding a horse he owned named Whiskey — was inside the tavern, Whiskey and another horse got loose from their restraints and took off. One of defendant's companions went after the horses. Whiskey passed plaintiff and another individual, both of whom assisted defendant's companion in trying to corral the horses. Whiskey

was eventually restrained by defendant's companion, who asked plaintiff to hold the reins.  Plaintiff alleges that, as he was holding the reins, Whiskey head-butted him and stepped on him, causing plaintiff to lose consciousness and suffer injuries.

Plaintiff subsequently commenced this personal injury action against defendant for the injuries he allegedly sustained and proceeded on a theory of strict liability.[1]  Defendant thereafter moved for summary judgment dismissing the complaint, arguing that he did not have prior notice of a vicious/dangerous propensity attributable to Whiskey.  Upon the denial of that motion by Supreme Court (Sise, J.), we affirmed, finding that there were triable questions of fact (108 AD3d at 978).  We also determined that it was unnecessary to address plaintiff's contention — first raised at oral argument — that the then-recent decision of the Court of Appeals in Hastings v Sauve (21 NY3d 122, 125-126 [2013]) would permit plaintiff to assert a negligence claim (108 AD3d at 977 n 2).

Prior to trial, defendant sought to preclude plaintiff from raising the question of defendant's negligence and plaintiff moved to amend the complaint to add a negligence cause of action premised upon the holding in Hastings.  Supreme Court (Ferradino, J.) denied plaintiff's motion, and this appeal ensued.

We now modify.  Initially, we note the well-settled principle that determination of an application for leave to amend a complaint "rests soundly within the discretion of Supreme Court, although leave to amend should be freely granted so long as plaintiffs establish a satisfactory excuse for their delay and defendants will not be prejudiced by the late amendment," and provided that the proposed amendment is not plainly without merit (Scribani v Buchannon, 101 AD3d 1517, 1519 [2012]; see Vermont Mut. Ins. Co. v Mowery Constr., Inc., 96 AD3d 1218, 1219 [2012]).  Here, Supreme Court denied the amendment because it concluded that it was plainly lacking in merit and unduly prejudicial to defendant.  We disagree.

_____

[1]  Although plaintiff's wife was originally a plaintiff, she has since discontinued her claim.

We turn first to the question of whether the proposed amendment is plainly without merit. For about the last decade, the general rule enunciated by the Court of Appeals has been that the owner of a domestic animal may only be held legally responsible for injuries inflicted by such animal based upon a theory of strict liability and that a negligence claim does not lie (see Petrone v Fernandez, 12 NY3d 546, 550 [2009]; Bard v Jahnke, 6 NY3d 592, 599 [2006]; Collier v Zambito, 1 NY3d 444, 446 [2004]).[2] However, in Hastings, the Court of Appeals further clarified its rule and permitted the application of ordinary principles of tort law in situations in which "a farm animal — i.e., a domestic animal as that term is defined in Agriculture and Markets Law § 108 (7) — is negligently allowed to stray from the property on which the animal is kept" (Hastings v Sauve, 21 NY3d at 125-126; see Sargent v Mammoser, 117 AD3d 1533, 1534 [2014]). In that case, the plaintiff was injured when her vehicle struck a cow that had wandered onto a public road as a result of the defendants' negligent maintenance of a fence on the property where the cow was kept. The Court of Appeals recognized that to limit recovery to a claim of strict liability where an injury was solely the result of the negligence of the owner of the animal and/or of the property from which the animal strayed — and not due to the animal's vicious/dangerous propensity — would "immunize defendants who take little or no care to keep their livestock out of the roadway or off of other people's property" (Hastings v Sauve, 21 NY3d at 125).

This case, unlike Hastings, embraces elements of both strict liability and common-law negligence. Notably, in the instant matter, after Whiskey broke loose from the tavern, the horse was ultimately corralled by plaintiff and others. As plaintiff was holding the reins, he and another individual were petting Whiskey and trying to keep the horse calm when, after about five minutes, Whiskey apparently became startled, head-swatted plaintiff and took off again. Had this incident occurred on defendant's property, there is no question that plaintiff's

_____

[2] Before that time, the rule was unclear, at best, and varied among the four Departments (see Bard v Jahnke, 6 NY3d at 600 [Smith, J., dissenting]).

claim would be limited to strict liability (see Bard v Jahnke, 6 NY3d at 593-594; see also Bloomer v Shauger, 21 NY3d 917, 918 [2013]). We are unpersuaded by plaintiff's argument that the holding in Hastings permits recovery based on principles of common-law negligence in every case in which injury is caused by an unrestrained farm animal off the premises where it is kept, regardless of whether the injury is a result of a vicious propensity of the animal. However, for the reasons that follow, we agree with plaintiff that he should be permitted to amend the complaint to plead a claim for common-law negligence as an alternative theory of liability.

Defendant apparently disputes plaintiff's claim that Whiskey's conduct constituted a vicious propensity — as opposed to normal equine behavior — upon which strict liability can be based. If defendant were successful in establishing the absence of a vicious propensity, this would lead to the very outcome of which the Court of Appeals disapproved in Hastings — defendant would be immunized for Whiskey's behavior despite having been allegedly negligent in allowing the horse to roam from where it was being kept.[3] Inasmuch as we cannot predict how a jury will decide the question of whether Whiskey's actions constituted a vicious propensity, we discern no reason why the two theories could not be pleaded in the alternative. Thus, if Whiskey's actions were determined to constitute a vicious propensity, plaintiff would be limited to pursuing a claim based on strict liability (see Bloomer v Shauger, 21 NY3d at 918). If, however, a jury determined that Whiskey's conduct did not constitute a vicious propensity, the jury could then decide whether defendant is liable based upon his alleged negligence in allowing the horse

---

[3] We reject defendant's argument that the holding in Hastings is limited to instances in which a farm animal is allowed to stray from the defendant's property and that it does not apply to situations, such as here, in which the animal has strayed from a location other than the defendant's property (cf. Doerr v Goldsmith, 110 AD3d 453, 453 [2013]).

to stray from where it was kept.[4]

However, that does not end our inquiry, as we must also determine whether defendant will be prejudiced if plaintiff is permitted to amend the complaint. There is no question that plaintiff had been proceeding on a theory of strict liability throughout this litigation, despite the fact that the original complaint alleged common-law negligence. Considering the timing of the Hastings decision and of plaintiff's request to proceed on a common-law negligence theory, we are unpersuaded that plaintiff unduly delayed his request to amend his pleadings. However, we agree with defendant that discovery was conducted based solely upon plaintiff's claim of strict liability. Thus, defendant would be unduly prejudiced by the amendment unless given the opportunity to conduct further discovery relevant to the issue of common-law negligence. On the other hand, we are unconvinced that permitting such limited further discovery would result in undue prejudice to defendant. Accordingly, plaintiff's motion to amend the complaint should be granted and the matter remitted to Supreme Court for further proceedings, including additional discovery, if necessary (see generally Koch v Acker, Merrall & Condit Co., 114 AD3d 596, 597 [2014]; cf. Bailey v Village of Saranac Lake, Inc., 100 AD3d 1089, 1091 [2012], lv dismissed 20 NY3d 1053 [2013]).

Garry, Rose, Lynch and Devine, JJ., concur.

_____

[4] Presumably, the jury would be instructed to reach the issue of negligence only if it determined that Whiskey's behavior was not a vicious propensity.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to amend the complaint; motion partially granted by allowing plaintiff to add a negligence claim to be pleaded in the alternative, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court