*1116 OPINION OF THE COURT
Memorandum.
In Doerr v Goldsmith, the order of the Appellate Division should be reversed, with costs, defendant Smith’s motion for summary judgment dismissing the complaint granted and the certified question answered in the negative. In Dobinski v Lock-hart, the order of the Appellate Division should be affirmed, with costs.
Under the circumstances of these cases and in light of the arguments advanced by the parties, Bard v Jahnke (6 NY3d 592 [2006]) constrains us to reject plaintiffs’ negligence causes of action against defendants arising from injuries caused by defendants’ dogs (see Bard, 6 NY3d at 596-599; see also Bloomer v Shauger, 21 NY3d 917, 918 [2013]; Smith v Reilly, 17 NY3d 895, 896 [2011], revg 83 AD3d 1492 [4th Dept 2011]; Petrone v Fernandez, 12 NY3d 546, 547-551 [2009]; Collier v Zambito, 1 NY3d 444, 446 [2004]). We decline to overrule our recently reaffirmed precedent (see Bloomer, 21 NY3d at 918; Petrone, 12 NY3d at 547-551). Furthermore, our holding in Hastings v Sauve (21 NY3d 122 [2013]) does not allow plaintiffs to recover based on defendants’ purported negligence in the handling of their dogs, which were not domestic farm animals subject to an owner’s duty to prevent such animals from wandering unsupervised off the farm (see Hastings, 21 NY3d at 124-126).
Finally, in Dobinski, the Appellate Division properly granted summary judgment to defendants with respect to plaintiff’s strict liability cause of action. Defendants carried their initial burden on summary judgment of establishing that they did not know of any vicious propensities on the part of their dogs. In response, plaintiff failed to demonstrate the existence of a triable issue of fact as to whether defendants had notice of the animals’ harmful proclivities, and consequently, defendants were entitled to summary judgment on plaintiff’s strict liability claim (see Petrone, 12 NY3d at 550; see generally Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833 [2014]).