# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**813**

**CA 14-02093**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND WHALEN, JJ.

---

ANDREW J. HAIN, INDIVIDUALLY, AND AS EXECUTOR
OF THE ESTATE OF HOLLY J. HAIN, DECEASED,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANGELA J. JAMISON, LEAH A. JAMISON,
DEFENDANTS-RESPONDENTS,
AND DRUMM FAMILY FARM, INC., DEFENDANT-APPELLANT.

---

BRIAN P. FITZGERALD, P.C., BUFFALO (DEREK J. ROLLER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

COUGHLIN & GERHART, LLP, BINGHAMTON (JAMES P. O'BRIEN OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Steuben County (Marianne Furfure, A.J.), entered August 15, 2014. The order denied the motion of defendant Drumm Family Farm, Inc. for summary judgment dismissing the complaint and cross claims against it.

It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is granted and the complaint and all cross claims against defendant Drumm Family Farm, Inc. are dismissed.

Memorandum: This personal injury and wrongful death action arises from a motor vehicle accident in which plaintiff's wife (decedent) was struck on Curtis Coopers Road, in Steuben County, by a vehicle driven by defendant Leah A. Jamison and owned by defendant Angela J. Jamison (collectively, Jamison defendants). The parties agree that decedent stopped her vehicle on the southbound side of that road, facing south, and exited her vehicle. Plaintiff alleges that decedent stopped her vehicle because a newly born calf that escaped from a farm owned by defendant Drumm Family Farm, Inc. (Drumm Farm) had wandered on or near the road, and decedent exited her vehicle to assist the calf. The parties further agree that both decedent and the calf were in the northbound lane when they were struck by the Jamison defendants' vehicle. Plaintiff contends that Drumm Farm was negligent in allowing the calf to escape from its farm, and that such negligence was a proximate cause of decedent's death. We agree with Drumm Farm

that Supreme Court erred in denying its motion for summary judgment dismissing the complaint and all cross claims against it.

Although "a landowner or the owner of an animal may be liable under ordinary tort-law principles when a farm animal . . . is negligently allowed to stray from the property on which the animal is kept" (*Hastings v Sauve*, 21 NY3d 122, 125-126; *see Sargent v Mammoser*, 117 AD3d 1533, 1534), "liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (*Ely v Pierce*, 302 AD2d 489, 489, *lv denied* 100 NY2d 505; *see Castillo v Amjack Leasing Corp*., 84 AD3d 1298, 1298-1299, *lv denied* 17 NY3d 711; *see generally Sheehan v City of New York*, 40 NY2d 496, 503). Here, in support of its motion, Drumm Farm established that any negligence on its part in allowing the calf to escape merely "created the opportunity for plaintiff to be standing [in the roadway], [but] it did not *cause* [her] to stand" there (*Hurlburt v Noble Envtl. Power, LLC*, 128 AD3d 1518, 1519; *see Akinola v Palmer*, 98 AD3d 928, 929). "In short, the [alleged] negligence of [Drumm Farm] merely furnished the occasion for an unrelated act to cause injuries not ordinarily anticipated" (*Derdiarian v Felix Contr. Corp*., 51 NY2d 308, 316, *rearg denied* 52 NY2d 784; *see Papadakis v HM Kelly, Inc*., 97 AD3d 731, 732; *see generally Barnes v Fix*, 63 AD3d 1515, 1516, *lv denied* 13 NY3d 716). Importantly, plaintiff does not contend, and did not submit any evidence that would establish, that the calf's presence in the road blocked decedent's ability to travel in the southbound lane or otherwise forced decedent to stop her vehicle. Thus, Drumm Farm established as a matter of law that its "alleged negligent act, at most, caused the [calf to wander] out of the field, which was not the immediate cause of the accident" (*Lee v New York City Hous. Auth*., 25 AD3d 214, 219, *lv denied* 6 NY3d 708; *see Schiff v Possemato*, 25 AD3d 839, 839-840), and plaintiff failed to raise a triable issue of fact in opposition (*see Gerrity v Muthana*, 28 AD3d 1063, 1064, *affd* 7 NY3d 834; *Wechter v Kelner*, 40 AD3d 747, 748, *lv denied* 9 NY3d 806).

All concur except WHALEN, J., who dissents and votes to affirm in the following memorandum: I respectfully dissent. Defendant Drumm Family Farm, Inc. (Drumm Farm), as landowner and owner of the calf that plaintiff's wife (decedent) encountered on the roadway, may be held liable for her injuries if it negligently allowed the calf to stray from its property (*see Hastings v Sauve*, 21 NY3d 122, 125-126), and its negligence was a substantial cause of the events that resulted in decedent's injuries (*see Derdiarian v Felix Contr. Corp*., 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *Pomeroy v Buccina*, 289 AD2d 944, 945). Contrary to the majority, I conclude that triable issues of fact remain whether Drumm Farm's alleged negligence was a proximate cause of the accident.

There is no question that Drumm Farm owed a duty to keep its livestock out of the roadway, and that a motor vehicle accident is "within the class of reasonably foreseeable hazards that the duty exists to prevent" (*Sanchez v State of New York*, 99 NY2d 247, 252; *see Hastings*, 21 NY3d at 124-126; *Sargent v Mammoser*, 117 AD3d 1533,

1534).  In my view, Drumm Farm failed to establish as a matter of law that it should be relieved of liability for its alleged breach of that duty because decedent's conduct was "of such an extraordinary nature or so attenuate[d] [Drumm Farm's] negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to [Drumm Farm]" (*Kush v City of Buffalo*, 59 NY2d 26, 33).

Nor did Drumm Farm establish as a matter of law that its alleged negligence did not place decedent in an unsafe position on the roadway by creating a hazard for her and other motorists (*see Gardner v Perrine*, 101 AD3d 1587, 1588).  It is impossible to determine from the evidence in the record whether the calf was on the shoulder of the road or in the travel lane, and thus it is equally impossible to determine whether the calf's presence placed decedent in a position of danger.  If the calf was in a position that forced decedent to stop her vehicle on the curve of a dark country road, she would have been in a "position of peril" (*id*.), regardless of whether she remained in the vehicle.  I cannot agree with the majority, moreover, that it was plaintiff's burden to submit evidence that the calf's presence in the roadway blocked decedent's lane of travel or otherwise forced her to stop her vehicle.  Rather, it was Drumm Farm's burden to eliminate, as a matter of law, any causal link between its alleged negligence and decedent's death.  Concluding that Drumm Farm met that burden "requires the resolution of factual inferences in favor of [Drumm Farm], which is improper on a motion for summary judgment" (*Morris v Lenox Hill Hosp*., 232 AD2d 184, 185, *affd* 90 NY2d 953).

In sum, "because the determination of legal causation turns upon questions of foreseeability, and 'what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the [factfinder] to resolve' " (*Kriz v Schum*, 75 NY2d 25, 34, quoting *Derdiarian*, 51 NY2d at 315).  As Supreme Court properly determined, a jury should decide whether the accident was a foreseeable consequence of Drumm Farm's alleged negligence.  I would therefore affirm the order denying Drumm Farm's motion for summary judgment dismissing the complaint and all cross claims against it.

Entered:  July 10, 2015                          Frances E. Cafarell
                                                 Clerk of the Court