Whalen, J.
(dissenting). I respectfully dissent. Defendant Drumm Family Farm, Inc. (Drumm Farm), as landowner and owner of the calf that plaintiff’s wife (decedent) encountered on the roadway, may be held liable for her injuries if it negligently allowed the calf to stray from its property (see Hastings v Sauve, 21 NY3d 122, 125-126 [2013]), and its negligence was a substantial cause of the events that resulted in decedent’s injuries (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784 [1980]; Pomeroy v Buccina, 289 AD2d 944, 945 [2001]). Contrary to the majority, I conclude that triable issues of fact remain whether Drumm Farm’s alleged negligence was a proximate cause of the accident.
There is no question that Drumm Farm owed a duty to keep its livestock out of the roadway, and that a motor vehicle accident is “within the class of reasonably foreseeable hazards that the duty exists to prevent” (Sanchez v State of New York, 99 NY2d 247, 252 [2002]; see Hastings, 21 NY3d at 124-126; Sargent v Mammoser, 117 AD3d 1533, 1534 [2014]). In my view, Drumm Farm failed to establish as a matter of law that it should be relieved of liability for its alleged breach of that duty because decedent’s conduct was “of such an extraordinary nature or so attenuate [d] [Drumm Farm’s] negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to [Drumm Farm]” (Kush v City of Buffalo, 59 NY2d 26, 33 [1983]).
Nor did Drumm Farm establish as a matter of law that its alleged negligence did not place decedent in an unsafe position on the roadway by creating a hazard for her and other motorists (see Gardner v Perrine, 101 AD3d 1587, 1588 [2012]). It is *1565 impossible to determine from the evidence in the record whether the calf was on the shoulder of the road or in the travel lane, and thus it is equally impossible to determine whether the calfs presence placed decedent in a position of danger. If the calf was in a position that forced decedent to stop her vehicle on the curve of a dark country road, she would have been in a “position of peril” (id.), regardless of whether she remained in the vehicle. I cannot agree with the majority, moreover, that it was plaintiff’s burden to submit evidence that the calfs presence in the roadway blocked decedent’s lane of travel or otherwise forced her to stop her vehicle. Rather, it was Drumm Farm’s burden to eliminate, as a matter of law, any causal link between its alleged negligence and decedent’s death. Concluding that Drumm Farm met that burden “requires the resolution of factual inferences in favor of [Drumm Farm], which is improper on a motion for summary judgment” (Morris v Lenox Hill Hosp., 232 AD2d 184, 185 [1996], affd 90 NY2d 953 [1997]).
In sum, “because the determination of legal causation turns upon questions of foreseeability and ‘what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the [factfinder] to resolve’ ” (Kriz v Schum, 75 NY2d 25, 34 [1989], quoting Derdiarian, 51 NY2d at 315). As Supreme Court properly determined, a jury should decide whether the accident was a foreseeable consequence of Drumm Farm’s alleged negligence. I would therefore affirm the order denying Drumm Farm’s motion for summary judgment dismissing the complaint and all cross claims against it. Present — Smith, J.P., Peradotto, Carni and Whalen, JJ.