◾ JULIAN LEW, an Infant, by His Mother and Natural Guardian, EPHROSYNI KOUGIANOS, et al., Respondents, v JOHN STRATIGAKIS et al., Appellants. [23 NYS3d 326]—

In an action to recover damages for personal injuries, etc., the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered November 3, 2014, as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability, and (2) from an order of the same court, also entered November 3, 2014, which denied their motion to quash the plaintiffs' subpoenas dated March 14, 2014, and March 28, 2014, respectively.

Ordered that the first order entered November 3, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the second order entered November 3, 2014, is dismissed as abandoned; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

On July 21, 2012, the infant plaintiff was attacked by a dog at premises located at 23-08 Sound Street in Astoria. At the time of the attack, the defendants owned the premises and the dog, whose name was Diva.

Aside from the limited exception set forth in *Hastings v Sauve* (21 NY3d 122, 125-126 [2013]) regarding a farm animal that strays from the place where it is kept (see *Carey v Schwab*, 122 AD3d 1142, 1143-1145 [2014]), which is not at issue here, "New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal" (*Egan v Hom*, 74 AD3d 1133, 1134 [2010]; see *Hastings v Sauve*, 21 NY3d at 125-126; *Petrone v Fernandez*, 12 NY3d 546, 550 [2009]). Thus, "[t]o recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the

dog . . . knew or should have known of such propensities" (*Palumbo v Nikirk*, 59 AD3d 691, 691 [2009]; *see Petrone v Fernandez*, 12 NY3d at 550; *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Ostrovsky v Stern*, 130 AD3d 596 [2015]). Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others (*see Collier v Zambito*, 1 NY3d at 446; *Dickson v McCoy*, 39 NY 400, 403 [1868]; *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (*Hodgson-Romain v Hunter*, 72 AD3d 741, 741 [2010]; *see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Velez v Andrejka*, 126 AD3d 685 [2015]; *Feit v Wehrli*, 67 AD3d 729 [2009]; *Galgano v Town of N. Hempstead*, 41 AD3d 536 [2007]).

Contrary to the defendants' contention, the Supreme Court properly concluded that the plaintiffs, in support of their motion for summary judgment on the issue of liability, established, prima facie, that Diva had vicious propensities and that the defendants knew or should have known of such propensities. In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.

While the defendants took an appeal from the second order entered November 3, 2014, we dismiss this appeal as abandoned since the defendants do not seek reversal or modification of any portion of this order in their brief and reply brief (*see generally Batts v IBEX Constr., LLC*, 112 AD3d 765 [2013]; *Trinagel v Boyar*, 99 AD3d 792, 793 [2012]). Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.