█ Xin Kai Li, Respondent, v Gerald H. Miller et al., Appellants. [54 NYS3d 652]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated December 3, 2015, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

Aside from the limited exception set forth in *Hastings v Sauve* (21 NY3d 122, 125-126 [2013]), regarding a farm animal that strays from the place where it is kept (*see Carey v Schwab*, 122 AD3d 1142, 1143-1145 [2014]), which is not at issue here, "New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal" (*Egan v Hom*, 74 AD3d 1133, 1134 [2010]; *see Doerr v Goldsmith*, 25 NY3d 1114, 1116 [2015]; *Hastings v Sauve*, 21 NY3d at 125-126; *Petrone v Fernandez*, 12 NY3d 546, 550 [2009]; *Bueno v Seecharan*, 136 AD3d 702 [2016]; *Lew v Stratigakis*, 135 AD3d 832 [2016]). Accordingly, to the extent that the complaint in this action alleged common-law negligence causes of action to recover damages for injuries caused by the defendants' dog, the Supreme Court should have awarded summary

judgment to the defendants dismissing those causes of action (*see Doerr v Goldsmith*, 25 NY3d at 1116; *Hastings v Sauve*, 21 NY3d at 125-126; *Petrone v Fernandez*, 12 NY3d at 550; *Roche v Bryant*, 81 AD3d 707, 708 [2011]).

Contrary to the defendants' contention, the complaint asserted a cause of action premised on strict liability (*see generally Scoyni v Chabowski*, 72 AD3d 792, 793 [2010]). "To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities" (*Palumbo v Nikirk*, 59 AD3d 691, 691 [2009]; *see Petrone v Fernandez*, 12 NY3d at 550; *Collier v Zambito*, 1 NY3d 444, 446 [2004]; *Roche v Bryant*, 81 AD3d 707 [2011]; *Ayres v Martinez*, 74 AD3d 1002 [2010]). Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others (*see Collier v Zambito*, 1 NY3d at 446; *Dickson v McCoy*, 39 NY 400, 403 [1868]; *Gammon v Curley*, 147 AD3d 727 [2017]; *Claps v Animal Haven, Inc.*, 34 AD3d 715, 716 [2006]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (*Hodgson-Romain v Hunter*, 72 AD3d 741, 741 [2010]; *see Bard v Jahnke*, 6 NY3d 592, 597 [2006]; *Velez v Andrejka*, 126 AD3d 685, 686 [2015]).

Here, in support of their motion for summary judgment dismissing the complaint, the defendants established, prima facie, that the subject dog did not have vicious propensities (*see Collier v Zambito*, 1 NY3d at 447; *Ioveno v Schwartz*, 139 AD3d 1012, 1013 [2016]; *Jackson v Georgalos*, 133 AD3d 719, 720 [2015]; *Roche v Bryant*, 81 AD3d at 708; *Ayres v Martinez*, 74 AD3d at 1002). They submitted the deposition testimony of the defendant Cynthia J. Miller, who testified that the dog had been living with the defendants' family for about four years prior to the incident, that the dog had "full range of the downstairs" area of the house, and that it had never attacked, bitten, or chased anyone. In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.