People v Southard (2018 NY Slip Op 05109)





People v Southard


2018 NY Slip Op 05109


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


852 KA 15-02075

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH L. SOUTHARD, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.


 Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered November 24, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted burglary in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the period of postrelease supervision to a period of 5 years and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted burglary in the first degree (Penal Law §§ 110.00, 140.30 [2]). Defendant was sentenced, as a second felony offender, to a determinate term of 5 years' imprisonment and 10 years' postrelease supervision (PRS). As defendant correctly contends, the 10-year period of PRS is illegal. The only legal period of PRS under these circumstances is 5 years (see § 70.45 [2]). Although this issue was not raised before the sentencing court, we cannot allow an illegal sentence to stand (see People v Adams, 126 AD3d 1405, 1406 [4th Dept 2015], lv denied 25 NY3d 1158 [2015]). We therefore modify the judgment by reducing the period of PRS from 10 years to 5 years (see generally People v Hughes, 112 AD3d 1380, 1381 [4th Dept 2013], lv denied 23 NY3d 1038 [2014]).
We note that the uniform sentence and commitment sheet incorrectly states that the underlying offense was committed on August 23, 2013, and it must be amended to state the correct offense date of August 28, 2013. Additionally, the certificate of conviction does not reflect defendant's status as a second felony offender, and it must be amended accordingly (see generally People v Johnson, 161 AD3d 1529, 1529 [4th Dept 2018]).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court