Cintorrino v Rowsell (2018 NY Slip Op 05446)





Cintorrino v Rowsell


2018 NY Slip Op 05446


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-04856
 (Index No. 601678/15)

[*1]Alison Cintorrino, respondent, 
v
Dorothy Rowsell, et al., appellants.


Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for appellants.
Edelman, Krasin & Jaye, PLLC, Westbury, NY (Kara M. Rosen and David Yaron of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated April 14, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On the afternoon of October 31, 2013, the plaintiff allegedly sustained injuries when she was bitten by the defendants' dog inside the defendants' house. Subsequently, the plaintiff commenced this action against the defendants to recover damages for her personal injuries, alleging common-law negligence and strict liability. The defendants moved for summary judgment dismissing the complaint, contending that their dog did not have vicious propensities, and that they did not know or have reason to know of such alleged propensities. The Supreme Court denied the defendants' motion, and the defendants appeal.
Aside from the limited exception set forth in Hastings v Sauve (21 NY3d 122, 125-126) regarding a farm animal that strays from the place where it is kept (see Carey v Schwab, 122 AD3d 1142, 1143-1145), which is not at issue here, "New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal" (Egan v Hom, 74 AD3d 1133, 1134; see Doerr v Goldsmith, 25 NY3d 1114, 1116; Hastings v Sauve, 21 NY3d at 125-126; Petrone v Fernandez, 12 NY3d 546, 550; Xin Kai Li v Miller, 150 AD3d 1051; Bueno v Seecharan, 136 AD3d 702; Lew v Stratigakis, 135 AD3d 832). Accordingly, to the extent that the complaint in this action alleged a common-law negligence cause of action to recover damages for injuries caused by the defendants' dog, the Supreme Court should have awarded summary judgment to the defendants dismissing that cause of action (see Doerr v Goldsmith, 25 NY3d at 1116; Hastings v Sauve, 21 NY3d at 125-126; Petrone v Fernandez, 12 NY3d at 550; Xin Kai Li v Miller, 150 AD3d at 1051; Roche v Bryant, 81 AD3d 707, 708).
To recover upon a theory of strict liability in tort for damages caused by a dog, a plaintiff must establish that the dog had vicious propensities, and that the owner of the dog knew or should have known of the dog's vicious propensities (see Petrone v Fernandez, 12 NY3d at 550; [*2]Carroll v Kontarinis, 150 AD3d 960; Bueno v Seecharan, 136 AD3d at 702; Matthew H. v County of Nassau, 131 AD3d 135, 144; Palumbo v Nikirk, 59 AD3d 691). Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others (see Collier v Zambito, 1 NY3d 444, 446; Gammon v Curley, 147 AD3d 727, 728; Claps v Animal Haven, Inc., 34 AD3d 715, 716). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Bard v Jahnke, 6 NY3d 592, 597; Collier v Zambito, 1 NY3d at 446-447; Carroll v Kontarinis, 150 AD3d at 960; Matthew H. v County of Nassau, 131 AD3d at 147).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that their dog did not have vicious propensities and, in any event, that they neither knew nor should have known that their dog allegedly had vicious propensities (see Collier v Zambito, 1 NY3d at 446-447; Ioveno v Schwartz, 139 AD3d 1012; Galgano v Town of N. Hempstead, 41 AD3d 536; cf. Matthew H. v County of Nassau, 131 AD3d at 148). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court