Brinkman v Marshall Field VI (2018 NY Slip Op 05996)





Brinkman v Marshall Field VI


2018 NY Slip Op 05996


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-03221
 (Index No. 6190/12)

[*1]Adara Brinkman, appellant, 
v
Marshall Field VI, etc., respondent (and a third-party action).


Steven M. Melley, PLLC, Rhinebeck, NY, for appellant.
White Fleischner & Fino, LLP, New York, NY (Allan P. White and Matthew Toker of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated February 9, 2016. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff alleges that she was injured while grooming a stallion in the barn at Hidden Brook Farm (hereinafter the farm), when three horses, who had escaped from their paddocks, galloped unaccompanied toward the barn. The stallion was startled and suddenly side-stepped, pinning the plaintiff against the wall. The plaintiff commenced this action against the defendant, Marshall Field VI, individually and doing business as Hidden Brook Farm, to recover damages for personal injuries, alleging a single cause of action based on common-law negligence. The defendant subsequently moved for summary judgment dismissing the complaint, which was granted by order dated February 9, 2016. The plaintiff appeals.
The defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint by establishing that the stallion and the three escaped horses were domesticated animals, and that the plaintiff did not allege that any of the four horses had vicious propensities. New York does not recognize a common-law negligence cause of action to recover damages for injuries caused by a domestic animal (see Bard v Jahnke, 6 NY3d 592, 599). An owner of a domestic animal that causes harm may only be held liable where the owner knows or should have known of the animal's vicious propensities (see Petrone v Fernandez, 12 NY3d 546, 550; Bard v Jahnke, 6 NY3d at 599; Collier v Zambito, 1 NY3d 444, 446-447). In opposition, the plaintiff failed to raise a triable issue of fact (see Bloomer v Shaugher, 21 NY3d 917; Bernstein v Penny Whistle Toys, Inc., 10 NY3d 787; Abrahams v City of Mount Vernon, 152 AD3d 632, 633; Xin Kai Li v Miller, 150 AD3d 1051, 1051-1052; Jones v Burrell, 136 AD3d 866, 866; Egan v Hom, 74 AD3d 1133, 1134).
Contrary to the plaintiff's contention, this case does not fall within the limited exception set forth in Hastings v Suave (21 NY3d 122, 125-126), regarding a farm animal that strays from the place where it is kept onto a public road or other property (see Hain v Jamison, 28 NY3d 524, 532-534; Catalano v Heiden Val. Farms, 158 AD3d 1200, 1200-1201; Carey v Schwab, 122 AD3d 1142, 1143-1145; Sargent v Mammoser, 117 AD3d 1533, 1534). In carving out this exception, the Court of Appeals recognized "the unique peril that arises from allowing farm animals to wander off a farm unsupervised and unconfined" and the "common expectation among people in general that a 1,500-pound cow, a 400-pound pig or an unruly goat will not be permitted to wander freely into traffic or onto a neighbor's yard, mangling people and property alike" (Doerr v Goldsmith, 25 NY3d 1114, 1128-1129 [Abdus-Salaam, J., concurring]). Here, the plaintiff was in
the barn grooming a horse, and the presence of horses was not unexpected.
In light of the general prohibition against negligence actions arising from harm caused by domestic animals, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court